# N. Y. COMMON PLEAS.

## JOHN A. DINKEL agt. HENRY WEHLE.

*Liability of attorney for referee's fees — what is payment of them — accord and satisfaction — removal to common pleas — when too late to make such · motion.*

Where the doubtful responsibility of the client is discussed, and the personal obligation of the attorney taken for referee's fees, he is liable for their payment, and payment of them must be absolute and unconditional.

A stipulation exacted from the referee to repay them to the attorney in case of the reversal of an order for commitment of his client for con-
· tempt of court in refusing to pay the fees, and their payment, so that the client should be discharged from imprisonment; the reversal of the order and the settlement of an action brought by the attorney against the referee upon the stipulation to recover back the fees, is not payment of the referee's fees, and there is no accord and satisfaction between the parties.

After an adjournment had at defendant's request, it is too late to remove a cause from a district court to the court of common pleas.

*General Term, November,* 1881.

APPEAL from the judgment of the justice, GEORGE W. PARKER, of the district court in the city of New York for the third judicial district, in favor of the plaintiff, for the sum of $119.49.

The plaintiff was appointed referee in the case of *Fischer* agt. *Raab*, by order of the court of common pleas for the city and county of New York, dated September 17, 1878.

The defendant was the attorney of Mr. Fischer, and had applied for the reference on the argument of a motion to continue an injunction, because he was met by a number of affidavits in opposition; the order of reference, therefore, provided that he was to pay the expense of the reference, unless Mr. Raab and others should testify before the referee that they did not make, for the purpose of their said affidavits, the statement that Mr. Fischer made a certain motion

Dinkel agt. Wehle.

in the society of which he was a member. It turned out that Mr. Raab and the others had understandingly made the affidavits presented on the motion. After a most bitter contest, the referee found against Mr. Fischer, who then paid no attention to the report or the payment of the referee's fees, and commenced to press his action for trial, entirely regardless of the trouble he had caused. The court ordered Mr. Fischer to pay the referee's fees, amounting to $130, and for refusing to do so a commitment was issued, and he was incarcerated in jail (*See Fischer* agt. *Raab*, 56 *How. Pr. Rep.*, 218.)

While there the defendant, his attorney, moved for a stay of proceedings pending his appeal from the order of commitment, as to which judge J. F. DALY, in his opinion dated December 17, 1878, said that Mr. Fischer was not entitled to a stay of proceedings on his conviction of contempt, except on payment of the amount it has been decided he should pay. "I will grant the stay upon condition that plaintiff pay the referee's fees to judge DINKEL, the referee taking the stipulation of the latter to repay the same, if it should be hereafter determined by this court that the plaintiff was not bound under the order of September 17, 1878, to pay such fees." This order was the order of reference; the order of commitment was dated December 4, 1878. December 18, 1878, the day after the filing of this opinion, the defendant went to plaintiff and told him that judge JOSEPH F. DALY had consented to discharge his client from imprisonment upon his, said defendant, paying respondent his fees, but that judge DALY had also told him that respondent ought to sign a stipulation that in the event that the order committing his client for contempt of court, in refusing to pay the fees, should be reversed on appeal, the respondent should refund him his $130. The plaintiff not knowing of judge DALY's real deci_sion, told defendant if that was so he would sign the stipulation, and did so, reciting that in the event that the order of commitment made December 4, 1878, adjudicating Mr.

Fischer guilty of contempt, was reversed, he would pay back the $130 referee's fees.

Judge DALY had required no such stipulation, and when the defendant came before him to seek his client's release, upon the claim that the referee's fees had been paid, and he learned of the stipulation from Mr. Raab's attorneys, he refused to release the prisoner unless this fraudulent stipulation was returned and the correct one taken. The plaintiff tendered the correct stipulation and defendant refused to receive it and to give back the other. The court of common pleas affirmed the order of commitment of December 4, 1878 (*See Fischer* agt. *Raab*, 58 *How. Pr.*, 221), but the court of appeals reversed it (*see* 81 *N. Y.*, 235); and a criticism of this case is given in *Geib* agt. *Topping* (83 *N. Y.*, 47.)

No appeal was ever taken from the order of reference of September 17, 1878; and that order never was reversed by the court of common pleas, or court of appeals, and it never was questioned. The referee's report was confirmed, and the order of confirmation never appealed from. Upon the reversal of the order of commitment defendant commenced an action in the supreme court upon the fraudulent stipulation, to recover back the $130 referee's fees, paid to the plaintiff.

The answer of the plaintiff set up the fraud of the defendant in procuring the same, and that said stipulation was fraudulent and void. The plaintiff being sick in bed and defendant worrying him with the supreme court suit, and knowing that even if he was successful, he would be taken to the court of appeals and would have to pay counsel $100 to argue the case, and doubting the pecuniary responsibility of the defendant, he thought the best way to settle *that* suit, the supreme court suit, and he paid defendant $100 in full settlement of the above entitled action, and an order of discontinuance was entered. The plaintiff then brought an action in the third district court to recover his referee's fees, under a verbal promise and a writing to pay them. He claimed only $99.99 without interest, to prevent a removal of the

Dinkel agt. Wehle.

action to the court of common pleas for trial, so that the litigation would be speedily ended, and the appeal, if possible, limited to that court. The answer was a general denial, and an adjournment was had at request of defendant to March 11, 1881, on which day defendant moved to fix the amount of the undertaking to remove the action, on the ground that the summons claimed interest from the        day of        18 . The motion was denied. The plaintiff then proved by three witnesses that before proceeding with the reference, he learned the parties were poor, and upon the promise and credit of the respective attorneys, whoever lost, to pay the fees, he proceeded and earned the fees.

Defendant did not deny the promise, and called no witnesses, but contended that there had been payment and an accord and satisfaction as to the referee's fees.

The justice gave a judgment for the plaintiff, and defendant appealed to the general term of the court of common pleas.

*Algernon S. Sullivan*, for the defendant, appellant, and *Henry Wehle*, in person, made and argued the following points :

I. The plaintiff had no cause of action of any kind. Assuming even that a promise, oral or written, can be claimed to have been established, the fact is conclusively shown, that defendant paid the entire amount of plaintiff's bill. Whatever may have been the promises annexed to the receipt, however those promises may have been obtained, the fact is indisputable that plaintiff received defendant's check for $130 and collected that check from the bank.

II. The plaintiff has not shown that he returned to Mr. Wehle the amount thus paid or any part thereof, but suppose he had done so he could not maintain an action for such an amount voluntarily paid by him, nor is this an action to recover money paid by plaintiff, it is a suit for " referee's fees " which the plaintiff has collected and received as admitted by him upon the trial and in the receipt.

III. The plaintiff has failed to show any promise on the part of defendant, because no assertion of it was made upon any occasion, before this suit was brought.

IV. The pretense that he was induced by a misrepresentation to sign the stipulation is insincere. If he had been led to make an agreement through fraud, he had a right to impeach it for fraud or misstatement, but then he was bound to repudiate it promptly and return the consideration received by him, but plaintiff did not do this, he cried fraud, misrepresentation, but refused to part with the money, which was paid to him upon the agreement, which he assailed and wished to repudiate.

V. The settlement of the supreme court suit was a complete accord and satisfaction of the defendant's claim against the plaintiff, of course the right of plaintiff to the money which he paid to defendant upon that settlement was completely barred by the settlement.

*George F. Langbein* for the plaintiff, made and argued the following points:

I. The return day of summons was the 5th day of March, 1881, on which day it was adjourned at defendant's request to March 11, 1881, for trial, after this the defendant could not remove the case, because the statute requires that the application for removal must be made before an adjournment has been had at the defendant's request (*Sec.* 3216, *Code*).

II. There was no accord and satisfaction for the referee's fees which were due from the defendant to plaintiff. First. The stipulation to pay back the referee's fees was obtained by fraud. The decision of judge DALY required a stipulation to pay back the fees, if the order of reference was reversed by this court, the court of common pleas, not the court of appeals. The court of common pleas affirmed the order of commitment, and no court ever reversed the order of reference. Second. The reversal of the order of commitment did not concern the question whether the referee's fees

were due this plaintiff or not. Third. The stipulation was to pay back the fees, not to relinquish his right to recover them ultimately. The court of appeals simply decided that the commitment was not the mode to collect referee's fees ; it did not preclude his right to receive or collect them in any other manner. Fourth. The supreme court action being based upon the fraudulent stipulation, the settlement of that action merely settled the issue in it, whether that stipulation was fraudulently obtained or not ; it did not settle the referee's fees. It at most settled that plaintiff could not hold or retain them under that stipulation, as they had been paid conditionally, but it did not settle that plaintiff was not to receive or be paid his referee's fees at all. It was an accord and satisfaction as to that stipulation ; defendant could not sue on it again. The accord and satisfaction was as to that stipulation, the action thereon, and the defense of fraud thereon, and not as to the referee's fees. The referee's fees were left due and unpaid, and plaintiff was left to his original claim and remedy to get his referee's fees. There was no issue or question as to the liability for referee's fees in the supreme court action, and therefore that question was not settled by the settlement and discontinuance of that action. None of the papers on that settlement refer to or mention that the $100 referee's fees repaid was in settlement of the referee's fees due to plaintiff. This would have been nonsense.

III. The plaintiff was entitled to an absolute, unconditional, irrevocable payment of the referee's fees, and this was never made. He received the referee's fees conditionally, under a stipulation to pay them back, if the event, the condition happened ; it did happen and he paid them back — *ergo*, he has not been paid his referee's fees. The defendant is laboring under a syllogism. 1. The plaintiff has been paid his referee's fees upon condition, under a stipulation, to pay them back ? Yes. 2. The condition happened, and he paid them back ? Yes. 3. Consequently he has been paid his referee's fees ; or, again ; 1st. The referee's fees were paid conditionally

under a stipulation? Yes. 2d. Under that condition or stipulation, I made you pay them back to me? Yes. Therefore the referee's fees are paid.

IV. The plaintiff indisputably earned and is entitled to payment of the referee's fees. He is entitled to an absolute, unconditional, irrevocable payment. The payment he received was a conditional one, under a fraudulent stipulation, he paid them back upon the happening of the condition under that stipulation, upon the settlement and discontinuance of an action upon it. It is an insult to common sense to argue that this deprived the plaintiff of the final, absolute, unconditional payment of his referee's fees. As a matter of common sense, and as a matter of fact, the referee's fees have never been paid.

J. F. DALY, *J.* — The action was brought by the plaintiff, who had been appointed referee by the court of common pleas in the action of *Fischer* agt. *Raab et al.*, to recover his fees as such referee on an alleged personal agreement of defendant, who was Fischer's attorney, to pay them. The fees amounted to $130. After they were earned defendant in order to procure the release of his client, who had been committed by the court of common pleas for contempt in not paying the said fees, offered the amount to plaintiff on condition that the latter would sign a stipulation to return the money if the order committing Fischer should be reversed on appeal. Plaintiff took the money on this condition and signed the stipulation. The order was reversed and this defendant sued this plaintiff in the supreme court upon the stipulation to recover back the $130. The answer set up fraud in procuring the stipulation, but the suit was settled before trial by this plaintiff retaining thirty dollars and paying over $100. The plaintiff placed his demand at ninety-nine dollars and ninety-nine cents to prevent a removal of the cause to this court (*Code, sec.* 3216); but as the summons contained, in the printed portion of the blank form used, a demand of

Dinkel agt. Wehle.

interest, defendant claimed the whole demand to be over $100 and insisted on his right of removal. This right was not urged, however, until after an adjournment had on application. As to the alleged right of removal the amended return shows that it was claimed, after an adjournment had, at defendant's request. It was then too late (*Code*, *sec.* 3216).

On the question whether the justice was justified in finding a personal agreement on defendant's part to pay the fees, it seems that the evidence supports the findings. Ordinarily the attorney would be assumed to act as agent for his client in undertaking for the expenses of a litigation, but in this case it seems that the doubtful responsibility of the client was discussed and the personal obligation of the attorney given and accepted. In arriving at the result I do not find any error, nor does there seem to be any improper rulings by the justice in the course of the trial. Only two are specifically mentioned in the appellant's brief : The first excluded, which was manifestly improper, as it called for the witnesses conclusion as to the effect of a lost paper instead of calling for its contents. The second admitted testimony of transactions between defendant and plaintiff personally. Whatever there was in this is not pointed out, and I can conceive of none. The main point in this case is whether as matter of law plaintiff was entitled to recover after he had settled the supreme court action with defendant by retaining thirty dollars and paying back $100 under the stipulation he signed when defendant originally handed him $130. I see nothing in any of the transactions to effect the claim upon which recovery has been had here. The proof having established that defendant agreed personally to pay the fees of the referee, he became principal debtor for the amount. When he tendered the $130 to the referee, and exacted a stipulation that it should be returned in the event of the reversal of the order committing his client, he did not pay his indebtedness to the referee, because payment must be unconditional. He did not tender the amount in order to discharge the indebtedness, but simply in order to obtain his

client's release from jail, under the decision of the court of common pleas providing for payment of the fees by Fischer, under a certain stipulation. The payment was therefore in another right than defendant's own and for another purpose than to cancel his obligation to the referee, and was collateral to such obligation and the money so received by the referee was in effect a security for the indebtedness which might or might not become available to him as creditor upon the happening of a certain contingency. Had the result established the referee's right to retain the $130, it would, it is true, have extinguished the debt, as the collection of collaterals has always that effect *pro tanto*, but the condition of the stipulation operated to require him to relinquish the fund or security which he did, except as to thirty dollars that he was suffered to retain. This thirty dollars being credited as it had to be on the debt, a clean right of recovery for the balance existed. As the supreme court suit was brought by this defendant against this plaintiff to recover back the $130 under the stipulation, and as the issues therein related only to the validity of that instrument, the settlement and adjournment of that litigation determined nothing, except that the referee had the right to retain thirty dollars of the collaterals and was bound to surrender $100 of the fund. This claim was accordingly reduced by the amount retained, and the justice properly gave him judgment for the balance.

Judgment affirmed, with costs.

VAN HOESEN, J., concurs.

The defendant thereupon made a motion for leave to appeal from the affirmance of the judgment, to the court of appeals, and *Mr. Henry Wehle*, in his own behalf, made and argued the following points:

I. Upon the question whether an accord and satisfaction is not in all cases binding upon both parties in respect to the claims which either party may have against the other, as long as they arise from the identical transaction, supposing there

Dinkel agt. Wehle.

had been at that time a personal liability on the part of the defendant to pay the referee's fees, it was within the province of the parties to agree upon whatever terms they chose of discharging this liability.

II. The receipt, with the stipulation appended, is of itself a contract which absorbed whatever promise there may have been made before it, and this agreement in writing contained the only liability of the parties.

III. Plaintiff elected to accept a payment which by his own stipulation he may be required to pay, no one compelled him to accept such a payment if he was entitled to an absolute payment, but having accepted such a payment, he is thereby concluded. He signed the receipt and stipulation.

IV. All previous promises and arrangements were merged into this written agreement. The anterior promise did not exist in force, and the payment of the money and the stipulation to return it were merely collateral to the anterior promise. Such an exception to the general rule relating to contracts does not exist.

V. The plaintiff's objection to an order granting leave to submit the same to the court of appeals, is entitled to no great weight. By means of his action in settling one suit against him and commencing another suit for the consideration paid him for said settlement, he secured the transfer of a controversy from the supreme court to a district court, and then reduced the amount by one cent for the outspoken purpose of defeating defendant's effort to remove the cause to an another tribunal, and to prevent defendant from appealing to the court of appeals. It should be only fair to suggest that such proceedings generally arise from sinister motives, but whether they arose in this case from such motives or not, it would only be just that defendant, who will be amerced by a large bill of costs, if his appeal is not successful, should be afforded the opportunity of presenting his grievance to the higher tribunal for review.

*George F. Langbein* in opposition contended:

I. The origin of the defendant's promise to pay plaintiffs the referee's fees, and the transaction as to the stipulation and the supreme court suit therein were not identical.

II. There never was an agreement to discharge defendant's original liability to pay the referee's fees, and the receipt with the stipulation appended contain nothing absorbing the original promise and indebtedness. The parties were not treating as to an absolute, irrevocable payment, but as to a conditional payment. The plaintiff was to receive the referee's fees; they were not absolutely and finally paid him as he had a right to have them. There was in fact and in law no payment of the referee's fees.

III. Judge DALY's decision compelled plaintiff to accept the referee's fees conditionally as to the reversal of the order of reference, or in other words, in case it was decided that Mr. Fischer was not bound to pay them, the referee was to repay them. This, however, was not the stipulation which defendant procured from plaintiff; he obtained a different one, conditioned on the reversal of the order of commitment, with which the referee had nothing to do, and had no concern in.

IV. The anterior promise was not merged in the receipt or stipulation. They were different things. The anterior promise was absolute as to payment; the other was conditional. There was no merger. The greater could not merge into the lesser. The condition was not, that he was to receive no referee's fees, but merely that he was to return the money he had received. The repayment under the stipulation merely left plaintiff to get absolute payment of his fees as best he could, which was by an action at law.

V. There is nothing in this application for leave to appeal to the court of appeals, except a fondness for the chances of law and litigation.

VAN BRUNT and BEACH, *JJ.* — " There seems to be no sufficient reason for allowing this case to go to the court of appeals."

Motion denied.