minutes, which form part of the record, show that on September 3, 1897, "counsel for defendant asked for a trial by jury, which request the court refused to grant, on the ground that it was made after issue had been joined, and after an adjournment of the case had been taken. Counsel for defendant excepted to the ruling." The appellate term must go by the record, which, as we have seen, shows that issue was joined and a demand made for a jury trial on the same day, to wit, September 3, 1897. Presumably, therefore, in the absence of anything to show the contrary, both took place at the same time, within the meaning of.the statute. Section 1372 of the consolidation act, as amended by the Laws of 1891, provides as follows: "A trial by jury must be demanded at the time of the joining of an issue of fact, and is waived if neither party then demand it." The defendant claims that promptly upon the joinder of issue herein he made his demand for a jury trial, and·the record appears to sustain his assertion. It is well settled that where a party exercises his right to a trial by jury the justice cannot take it away from him. Proceedings in district courts must conform to the statute, and a violation of the statute renders a resulting judgment erroneous. These courts of limited jurisdiction can assume no power by implication, but must keep within the powers expressly given to them; and, if they go beyond them, their acts are void. See Blumburg v. Briggs, 10 N. Y. St. Rep. 242; Gaslight Co. v. French, 10 Misc. Rep. 750; 31 N. Y. Supp. 812; Schwartz v. Weehler, 2 Misc. Rep. 71, 20 N. Y. Supp. 861. We are of opinion that the judgment should be reversed upon the exception here presented, and, having reached this conclusion, we are not called upon to discuss the other questions raised upon this appeal.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

---

(24 Misc. Rep. 180.)

### ENRIGHT v. FRANKLIN PUB. CO.

(Supreme Court, Appellate Term. July 1, 1898.)

1. CHANGE OF VENUE—WAIVER OF APPLICATION.

Where a defendant in an action in the municipal court makes and then withdraws an application for its removal to the city court, and an adjournment of the trial is granted at his request, he loses his right to removal of the cause.

2. ASSIGNMENT—ACTION ON CLAIM—OBJECTION TO· EVIDENCE.

In an action upon an assigned claim, the exclusion of a question by defendant's counsel to the assignor, as to whether the latter expected to receive the amount recovered, does not constitute error on the ground that it bore upon the·credibility of the witness, unless that reason for asking it was called to the attention of the trial justice at the time.

Appeal from Fourth district court.

Action by William Enright against the Franklin Publishing Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Phillip Carpenter, for appellant.
Moses Esberg, for respondent.

BEEKMAN, P. J.   The justice, in his return, explicitly states that the defendant, having made an application for the removal of the cause to the city court, subsequently withdrew such application, and sought and obtained an adjournment of the trial.   There is nothing in the record which is inconsistent with this statement, and the facts thus certified must therefore be accepted as conclusive.   A second application for the same purpose was made on the adjourned day. This was properly denied by the justice.   The motion for removal made on the return day of the summons having been withdrawn, and an adjournment of the trial having been granted upon the request of defendant, the latter had then lost its right to a removal of the cause.   Code Civ. Proc. § 3216; Dinkel v. Wehle, 11 Abb. N. C. 124.

With respect to the trial, the record shows that the decision in favor of the plaintiff rests upon the determination of a question of fact upon which the evidence was conflicting.   Under such circumstances, the appellate court will not disturb the judgment below, unless it was obviously against the weight of evidence.   We cannot say that such was the case here.   There is but one exception which, in our opinion, calls for comment here.   The plaintiff was the assignee of the claim in suit.   His assignor, who was the chief witness in support of his case, was asked upon cross-examination this question:   "Q. It is a fact that you expect to have whatever money comes out of this case, if any, less your counsel's fees?"   The counsel for the plaintiff objected to this, on the ground that it was immaterial, irrelevant, and incompetent, which objection was sustained, and an exception thereto was taken by the defendant.   In its answer the defendant claimed that the plaintiff was not the real party in interest, and the question above quoted was one of a series of inquiries evidently made for the purpose of developing proof in support of this defense.   From that point of view, the ruling of the court was correct.   Sheridan v. Mayor, etc., of New York, 68 N. Y. 30; Cunningham v. Cohn, 14 Misc. Rep. 12, 13, 35 N. Y. Supp. 135; Toplitz v. Bridge Co., 20 Misc. Rep. 576, 46 N. Y. Supp. 418.   Counsel for the defendant now claims that the question was a proper one, inasmuch as it tended to show an interest in the controversy, which should be considered in determining the credibility of the witness.   He should, however, have called the attention of the justice to the fact that the question was put for that purpose rather than to impeach the assignment.   As this was not done, we do not think that the exception presents sufficient ground for a reversal.   The judgment should therefore be affirmed.

Judgment affirmed, with costs.   All concur.