### McDONALD v. WESENDONCK et al.

(Supreme Court, Appellate Term. February 23, 1900.)

1. ACTION FOR WAGES—EVIDENCE.

In an action for wages, where the issue was whether plaintiff was employed by defendants or not, and there was nothing in his evidence to show that they acted for another firm, the exclusion of a question by defendants' counsel to plaintiff as to whether he had a conversation with one of said firm as to a possible employment by it was not error.

2. SAME.

Where the issue was whether plaintiff, a salesman, was employed by defendants, or by a firm for whom defendants merely acted as bankers, and the plaintiff, to show that his contract was with defendants, put in evidence a letter of introduction from a mercantile agency, to the effect that he represented the defendants, which he admitted he received from said firm, who furnished him samples, and to whom he sent all orders, it was reversible error to exclude a letter written by such firm to defendants, pursuant to which defendants caused the letter of introduction to be issued and sent to such firm, who delivered it to plaintiff.

3. SAME—HEARSAY.

Declarations of a person, since deceased, against his interest, as well as to other collateral facts contained therein, are admissible in evidence, though no privity existed between the declarant and the person against whom they are offered, provided the declarant had peculiar means of knowing the matter stated, and had no interest to misrepresent it.

4. SAME—EVIDENCE.

Where the issue was whether plaintiff, a salesman, was in defendants' employ, or in the employ of a third party, for whom defendants merely acted as bankers, and plaintiff put in evidence checks by which defendants paid him certain amounts for expenses, and there was evidence that he had some knowledge of the relations between the defendants and said third party, the exclusion of evidence that such payments were made at the request of such third party was reversible error.

Appeal from city court of New York, general term.

Action by Philip F. McDonald against Walter Wesendonck and others. From a judgment for plaintiff (61 N. Y. Supp. 491), defendants appeal. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Lavinia Lally, for appellants.
Franklin Bien, for respondent.

GIEGERICH, J. The complaint proceeds upon a contract of employment alleged to have been entered into on or about June 1, 1895, by the terms of which the defendants employed the plaintiff as their agent, for the sale of certain goods imported by them, for the period of one year, at an annual salary of $2,000, payable in equal monthly

payments at the end of each month, and that in addition thereto the plaintiff was to receive a commission of $1\frac{1}{2}$ per cent. on the amount of the gross sales made by him, and reimbursement for all his traveling expenses. The complaint furthermore alleges that the plaintiff remained in the defendants' employ under said contract from the said 1st day of June, 1895, to the 1st day of October, 1895; that for the period in question there became due to him for salary the sum of $666.64, and for percentages on gross sales the sum of $150; that the defendants have paid plaintiff the sum of $125, and that there is now due plaintiff a balance of $691.64. The answer is a general denial.

The issue of fact raised by the pleadings, and submitted to the jury upon the evidence, was whether the plaintiff's employment was at the hands of the defendants or not. According to the plaintiff's testimony, his employment resulted from the defendants' acceptance of his oral proposal made on the said 1st day of June, 1895; and at the conclusion of his direct examination there was no room for the assumption, either from the documentary evidence, so far as produced, or from the testimony itself, that the defendants, when employing him, acted on behalf of any other person, or were connected with any other firm. On cross-examination the defendants sought to bring out evidence to the effect that in the month of May, 1895, the plaintiff had had a conversation with one Hashagen, of the firm of Hashagen & Christinet, bearing upon a possible employment by that firm; and this evidence was excluded upon plaintiff's objection to its competency, relevancy, and materiality. As subsequently developed, the defendants' case resolved itself into an attempt to show that the plaintiff was employed by Hashagen's firm, and not by the defendants, and it is now asserted that the evidence thus excluded was relevant to this issue. When offered, however, the evidence in question appeared to have no materiality, and bore only upon a possible contract of employment by a third person or third persons, which had either failed of inception, or had been abandoned before the contract in suit was made. The court was only called upon to rule on the evidence as it then stood, and, failing the defendants' renewal of the offer after the materiality of the proof developed, or their statement of the purpose of the proof when offered, legal error cannot be predicated of the exclusion. Enright v. Publishing Co., 24 Misc. Rep. 180, 182, 52 N. Y. Supp. 704.

The defendants subsequently adduced evidence which tended to show that they did not employ the plaintiff; that the interview had between the latter and the defendant Wesendonck on June 1, 1895, and at which the plaintiff claims the oral contract of employment was made, related exclusively to the business of the said firm of Hashagen & Christinet, and that he (Wesendonck) merely asked plaintiff's opinion regarding the line of goods dealt in by the firm last mentioned; that during the period in suit the defendants merely acted as bankers for such firm; and that reimbursement for advances was to be had out of moneys collected from persons to whom the said firm sold goods, which were shipped by them, and bills therefor were made out in their name, accompanied with a request

that remittances be forwarded to the defendants. It was also shown that during the period in question the defendants were engaged in the hosiery and commission business in Leonard street, in the city of New York, and the firm of Hashagen & Christinet were importers of dry goods, having an office at No. 111 Fifth avenue, in the same place; Christinet then living in Paris, and Hashagen attending to the business of the firm in this country. It further appeared that the plaintiff received samples of goods solely from Hashagen & Christinet, to whom only he made reports and sent all orders, and who replied to all letters received by him; that the plaintiff sold no goods other than those manufactured or carried by the said firm; and that while engaged in the sale thereof the plaintiff used their business card, his name appearing in the left-hand corner thereof. The testimony of the plaintiff regarding his employment by the defendant Wesendonck was corroborated by that of one Thurston, who claimed that on the same day the said defendant engaged him as a salesman, and that he was present at the interview which resulted in the contract of employment in suit. For the purpose of showing that the agreement was made with the defendants, the plaintiff put in evidence a letter of introduction issued by the Bradstreet Company, to the effect, among other things, that he (the plaintiff) represented one of their subscribers,—the defendants in this action. The plaintiff finally admitted that he received the same from Hashagen, one of the members of the said firm; and after this fact had been established the defendants sought to read in evidence the following letter written to them by such firm, pursuant to which they caused such letter of introduction to be issued, viz.:

"New York, June 26, 1895.

"Messrs. Wesendonck, Lorenz & Co., City—Dear Sirs: Inclosed you will find route list & names of the different hotels for Mr. McDonald's Western trip. Confirming the receipt of your advance of $150.00 as traveling expenses, we wish to say that for all further requirements Mr. McDonald is to write to you, & you would oblige me by making checks payable to P. F. McDonald, charging our account with their amounts. On Monday next I shall start on my Eastern trip, & would ask you to have about $150.00 ready for me by Saturday, when I shall furnish you with route list, &c. We have engaged the services of Mr. Martin Thurston as salesman for the city, &c., at a salary of $1,500.00 per a. I would thank you for sending him check bi-monthly for his salary, charging our account with same.

"Yours, very truly,     "Hashagen & Christinet.

"Kindly let me have 2 traveler's cards from one of the mercantile agencies, —one for Mr. P. F. McDonald for the Western states, & another one for myself for Eastern & Middle states. I should prefer Bradstreet's to Dunn's.

"Yours, truly,     H. & C."

Wesendonck testified, without objection, that this letter was in Hashagen's handwriting; and when it was, for the second time, offered in evidence, the latter's death had been established. The writing, however, was excluded upon plaintiff's objection as to its competency, relevancy, and materiality, and the defendants excepted. The fact that the letter was obtained by the plaintiff from Hashagen so connected him with the transaction as to give the defendants the right to show how the letter of introduction came into Hashagen's hands. Apart from this, such letter was admissible in evidence be-

cause of the declarations therein contained against the interests of the writer, since deceased, who had peculiar means of knowing the matters stated.  It has been long settled, as one of the exceptions to the general rule excluding hearsay evidence, that the declarations of a person, since deceased, against his interest, as well as of other incidental and collateral facts and circumstances contained in it, are admissible in evidence, irrespective of the question whether any privity existed between the declarant and the person against whom it is offered, provided the declarant had peculiar means of knowing the matters stated, that he had no interest to misrepresent it, and that it was opposed to his pecuniary or proprietary interest.   Livingston v. Arnoux, 56 N. Y. 508, 519;  Lyon v. Ricker, 141 N. Y. 225, 230, 36 N. E. 189; 1 Phil. Ev. pp. 293, 294; 1 Greenl. Ev. (13th Ed.) §§ 147–149; Steph. Dig. Ev. (2d Ed.) p. 95; 1 Rice, Ev. pp. 392, 421; 2 Jones, Ev. § 327.   "The ground upon which this evidence is received," says Prof. Greenleaf in his treatise on the Law of Evidence (1 Greenl. Ev. [13th Ed.] § 148), "is the extreme improbability of its falsehood. The regard which men usually pay to their own interest is deemed a sufficient security, both that the declarations were not made under any mistake of fact or want of information on the part of the declarant, if he had the requisite means of knowledge, and that the matter declared is true."   Jones, in his work on Evidence, supra, adverting to these considerations, says (section 327) that the same, "together with the fact the declaration is not admissible during the lifetime of the author, that any fraudulent motive for making the statement may be shown, and that such declarations are frequently the only mode of proof available, are deemed of sufficient force to justify the admission of such declarations, although the sanction of an oath and the test of cross-examination are wanting."   The proper foundation for the admission of the letter in question having been laid, the exclusion thereof was, under the circumstances, highly prejudicial to the defendants.  Had it been admitted in evidence, the reason why it was issued in the name of the defendants, instead of Hashagen & Christinet, and why payments were made by the defendants to the plaintiff and Thurston, would have appeared.  In short, the relations existing between the defendants and the said firm would have been shown to the jury, who might, under these circumstances, have reached a conclusion entirely different from the one announced upon the facts presented to them.

It was likewise error for the trial justice to exclude evidence that certain payments by the defendants to the plaintiff and Thurston, in respect of which both of the latter gave testimony, were made at the request of Hashagen & Christinet.   After the plaintiff had put in evidence the checks by which such payments were made, it was, in my opinion, competent on the part of the defendants, as part of the res gestæ, to show upon whose request the same were made. There is considerable force in the suggestion that these payments, unless explained, afford ground for the inference that the plaintiff was employed by the defendants.  Certainly a very different aspect would have been put upon them, had the defendants been permitted to show the relation which existed between them and the said firm

touching the matters adverted to. The exclusion of all the evidence heretofore referred to is sought to be justified, however, upon the ground that the plaintiff was not informed, nor was he in any manner apprised, of the relations which are claimed to have existed between the defendants and Hashagen & Christinet regarding the matters in controversy. But such testimony, by reason of its close connection with the principal question under investigation (i. e. whether or not the plaintiff was in the defendants' employ), was, under the circumstances, admissible as original evidence, notwithstanding the plaintiff may not have had information respecting such situation. 1 Greenl. Ev. (13th Ed.) § 108. Aside from this, however, the letters of the plaintiff to the defendants dated July 8, 1895, and July 20, 1895, respectively, requesting them to remit certain sums "for expenses of account of Hashagen & Christinet," and his telegram to them the day preceding the receipt of the defendant's check for $150: "Have you sent check? Answer here at once by telegram,"—show, in my opinion, that the plaintiff possessed more knowledge of the relations between the defendants and the said firm than he is now willing to admit. While it is true that the plaintiff attributed the use of the above-quoted words to oversight, and gave testimony to the effect that such request was made because all orders were filled through Hashagen & Christinet, yet later on he testified that the reason why he did not charge his traveling expenses directly to the defendants was because "they were paying all the expenses of Hashagen & Christinet." Moreover, it appears from the evidence that Thurston, at the request of the plaintiff, obtained an order from the firm last mentioned upon the defendants for the payment of $50 to Mrs. McDonald; that the defendants drew a check for that amount to the order of said firm, and delivered it to Thurston, who, after indorsing the said firm name thereon, "Per pro M. A. Thurston," obtained the said sum, and turned it over to the plaintiff's wife. Thurston testified that he made such indorsement by the authority of the said firm. The inference is thus fairly deducible from all this testimony that Thurston, as well as the plaintiff, knew that Hashagen & Christinet, and not the defendants, were their employers, and that each of them looked to the said firm for their salaries, commissions, and traveling expenses, except in such instances where they understood advances were to be made by the defendants for and on account of the above-mentioned firm. It results from the views above expressed that the judgment must be reversed, and a new trial ordered, with costs to the appellants to abide the event.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event.

O'GORMAN, J., concurring.

BEEKMAN, P. J. (concurring). The letter of introduction from the Bradstreet Company, which states that the plaintiff represented their subscribers, Wesendonck, Lorenz & Co., the defendants, was put in evidence by the plaintiff as involving an admission on the part of the defendants tending to corroborate his claim that he had

been employed by them. It appears that this letter was obtained by the defendants, and transmitted by them to Hashagen & Christinet, by whom, in turn, it was delivered to the plaintiff. The defendants were therefore entitled to show the surrounding facts and circumstances, in order to rebut the injurious inferences which might otherwise be drawn from the paper in question, if unexplained. The letter of June 28, 1895, from Hashagen & Christinet to them, which is quoted in full in the opinion of Mr. Justice GIEGERICH, shows that the Bradstreet letter was procured by the defendants at the request of the above firm, and contains statements which tend to explain the defendants' action in the matter. The transaction which culminated in the delivery of the Bradstreet letter to the plaintiff was between the defendants and Hashagen & Christinet. The plaintiff having put in evidence part of it, the defendants were entitled to show all that took place, in order that proper inferences might be drawn from their action in the matter. This they endeavored to do by offering in evidence the letter of June 28th, which was excluded. This letter was a part, and a very important part, of the transaction, and the defendants had a right to have it received in evidence for that reason. The rejection of it by the court was erroneous, and, as the ruling was highly prejudicial to the defendants, it follows that the judgment should be reversed, and a new trial ordered.