(40 Misc. Rep. 658.)

### SOLIS v. BALBAS et al.

#### (Supreme Court, Appellate Term. March, 1903.)

**1. COURTS—REMOVAL OF CAUSE.**

Greater New York Charter, § 1366 (Laws 1901, p. 581, c. 466), provides that defendant in an action in the Municipal Court, where the damages claimed in the complaint are more than $250, may, after issue is joined, and "before an adjournment has been granted on his application," apply for removal to the City Court. On the return day of a summons in such an action, issue was joined by defendants' answer, and they demanded a bill of particulars, and offered an undertaking for removal. Plaintiff moved that the removal be denied, and asked for an adjournment. The court appointed June 25th for justification of the sureties on the undertaking, and adjourned until June 27th. The sureties failed to justify, and on June 27th the court refused a new undertaking, and set the case

for trial. *Held,* that the demand for bill of particulars not having caused an adjournment, and defendants having acted promptly, they had not lost or waived their right of removal.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Juan S. Solis against Vincente Balbas and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Douglas A. Levien, for appellants.

Alexander La Mont, for respondent.

FREEDMAN, P. J. The pleadings in this case were oral. The plaintiff charged conversion by the defendants, as copartners, of property alleged to have been purchased by him from defendants, consisting of fixtures, cigars, etc. The answer was a general denial. One of the grounds set up by the appellants for a reversal of the judgment is the refusal of the trial justice to permit the defendants to file an undertaking and remove the trial of the action to the City Court, under the provisions of section 1366 of the Greater New York charter (Laws 1901, p. 581, c. 466).

The facts regarding the application made by the defendants for such removal are as follows: The return day of the summons herein was June 20, 1902. Issue was joined that day by the defendants interposing an answer to the complaint, and at the same time demanding that the plaintiff furnish a bill of particulars. The defendants also then and there offered an undertaking, as provided by said section, for the approval of the court. The plaintiff's attorney asked for an adjournment, but before doing so, moved that the application of the defendants for a removal be denied upon the ground that the demand for a bill of particulars made by the defendants deprived them of their right to remove said action. This motion seems to have been denied, and June 25, 1902, at plaintiff's office, was the time and place fixed for the sureties to appear and justify. The case was adjourned by the court until June 27th for approval of the undertaking. The defendants' attorney, on the day set for the justification, asked plaintiff's attorney to consent to the substitution of a new undertaking, and had two sureties present, one of them being other than one of those first offered; stating his inability to procure the attendance of one of the former sureties. The plaintiff's attorney refused to accept a new undertaking, and on June 27th the parties again appeared in court; and the defendants' attorney again offered an undertaking with two sureties, then and there present, ready and willing to justify. The justice refused to allow a new undertaking to be filed, and, upon application of plaintiff's attorney or upon its own motion, set the case down for trial on June 30, 1902. The defendants' attorney then applied for and obtained an order to show cause, returnable in Part 1 of the Supreme Court, why a mandamus should not issue, commanding the justice to permit said sureties to justify, and, if

found sufficient, to approve the same. This order was accompanied by a stay of proceedings in the Municipal Court until the hearing and determination of the motion. This motion not having been disposed of at the time the case was set down for trial, viz., June 30th, it was again adjourned by the court until July 9th; defendants being absent at said adjournment, and having no knowledge of it. Upon the hearing of the motion for the writ of mandamus, it was denied, without costs, upon the ground that "said undertaking is not sufficient, in that it does not state any amount in which the sureties are bound, or in whose behalf the undertaking was given." No objection based upon these grounds had been urged in the Municipal Court. The case came up on July 9, 1902, and the defendants again tendered an undertaking, and, having their sureties present, asked the court to allow them to justify, and to have the case removed to the City Court, if such bond should be approved, and this was again denied by the court.

The respondent's attorney, in his brief, claims that the only question to be considered upon this appeal is as to whether or not the justice erred in refusing to accept the undertakings offered, and to make an order removing this action to the City Court.

Section 1366 provides that:

"The defendant in an action * * * where the damages claimed * * * as stated in the complaint, exceeds the sum of two hundred and fifty dollars, may, after issue is joined and before an adjournment has been granted upon his application, apply to the justice," etc.

It is substantially conceded herein that no adjournment has ever been had upon the application of the defendants, unless the demand for a bill of particulars made by them at the joinder of issue must be regarded as such an application. It has been held that a motion made by a party desiring a removal which necessitates an adjournment is equivalent to an application for an adjournment. Ives v. Quinn, 7 Misc. Rep. 660, 661, 28 N. Y. Supp. 267; Dinkel v. Wehle, 11 Abb. N. C. 124. In Ives v. Quinn, supra, the undertaking was offered after the adjournment and upon the opening of the trial; and, although the defendant disputed that he had asked for an adjournment, the court said, "The inference is obvious that his demand for a bill of particulars caused the adjournment." In Dinkel v. Wehle, supra, the defendant had applied for and obtained an adjournment, and on the adjourned day presented his undertaking. Neither of these cases presents the same state of facts as in the case at bar. In this case it cannot be assumed that the demand for a bill of particulars necessitated an adjournment. None of the adjournments had were in consequence of such demand. The bill of particulars was filed at once after demand therefor, and upon the day of the joining of issue. The first adjournment was had for the purpose of allowing the sureties to justify. All the other adjournments were had either upon the court's own motion, or upon the application of the plaintiff. So that down to July 9th, the day set for trial, none of the adjournments had been granted upon the defendants' application, nor by reason of their demand for a bill of particulars. The intent of section 1366, supra, is to compel the defend-

ant to promptly elect, and such election must be made at the joinder of issue, and before an adjournment upon the defendant's application has been had, in which forum his case shall be tried, and thus prevent the plaintiff being put to the necessity of—possibly after several preparations for trial—being met with a removal of the action to another court. This intent of the statute was fully observed by the defendants. They gave prompt notice of their intention to remove the case, and proffered their undertaking (and undoubtedly the sureties would have justified on the first day they had offered, had the plaintiff not obtained an adjournment to enable them to justify at a future date), and from the day of joinder of issue to the day of trial were persistently endeavoring to obtain from the court a justification of their sureties. By the ruling of the court they were deprived of a substantial right, and nowhere does it appear that they ever waived such right or lost the same by reason of any fault on their part. Had the defendants' demand for a bill of particulars as aforesaid necessitated an adjournment to enable the plaintiff to comply therewith, and had one been taken in pursuance of such demand, and an application for the removal of the cause been made thereafter, a different situation would have presented itself. As the foregoing requires a reversal of the judgment, none of the other grounds urged for reversal of the judgment need be considered.

Judgment reversed and new trial ordered, with costs to appellants to abide event. All concur.