(40 Misc. Rep. 623.)

### DUKE et al. v. CALUWAERT et al.

(Supreme Court, Appellate Term. May, 1903.)

1. MUNICIPAL COURT—REMOVAL TO CITY COURT—WAIVER OF RIGHT.
     Under Laws 1901, p. 581, c. 466, § 1366, and Code Civ. Proc. § 3216, providing that defendant in the Municipal Court may, without issue joined, and before adjournment on his application, apply for an order removing an action to the City Court of New York, defendant waives his right to such removal only by obtaining an adjournment after issue joined, and such right is not lost where defendant, on the return day in the Municipal Court, obtains an adjournment in order to join issue and make a motion for the removal, and makes such motion on the adjourned day.

2. SAME—REMAND.
     Where defendant in the Municipal Court obtains an order of removal to the City Court, and plaintiffs serve a reply entitled in the City Court, and demand a bill of particulars, they are thereby estopped to move to remand the action to the Municipal Court.

Appeal from City Court of New York, Special Term.

Action by William B. Duke and others against Prosper L. Caluwaert and others. Judgment for plaintiffs, and defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and GILDERSLEEVE, JJ.

Thomas F. Byrne, for appellants.

Baggott & Ryall (George Ryall, of counsel), for respondents.

FREEDMAN, P. J.   The summons, with a copy of the complaint, was personally served on the defendants. On the return day, viz., July 21, 1902, the defendants appeared by attorney, and, without being then required to plead, procured an adjournment to July 28, 1902, for the purpose of joining issue and removing the cause. On such adjourned day issue was joined and the cause removed to the City Court. The removal was made by order duly entered, and in it the justice who granted the same recited, among other things, that the action is one specified in subdivision 1 of section 1364 of chapter 466 on page 579, of the Laws of 1901, involving more than $250; that the defendants applied, after issue joined therein and before an adjournment had been granted upon their application, to have said action removed into the City Court; that the defendant had given an undertaking in the sum fixed by him pursuant to the statute; and that such undertaking had been duly approved by him. After such removal, and on August 2, 1902, the plaintiffs served a reply, entitled in the City Court, and on the same day served a demand for a bill of particulars, likewise entitled in the City Court. Eight months afterwards, viz., in March, 1903, without having in the meantime made any objection to the form or sufficiency of either the said undertaking or the said order, the plaintiffs made the motion which resulted in the order appealed from. The order was granted on the ground that the order of removal was made after the defendants had asked for and obtained an adjournment, and that it was too late to make such an order; citing Dinkle v. Wehle, 11 Abb. N. C. 124.

The statute in force at the time, and under which the defendants were required to proceed, was section 1366 of chapter 466 on page 581 of the Laws of 1901 (commonly called the "Greater New York Charter," as amended), and, in addition, section 3216 of the Code of Civil Procedure. For the purposes of the present case both sections are substantially alike, and they provide that the defendant may, after issue is joined and before an adjournment has been granted upon his application, apply for an order removing the action to the City Court of the city of New York. As to the proper construction of this statutory provision to be applied to a case like the one at bar, no authority can be found which is directly in point, as in all reported cases discussing this provision, where the defendant had procured an adjournment or made some motion necessitating such adjournment, issue had previously been joined. Thus, in Dinkel v. Wehle, 11 Abb. N. C. 124, the case relied upon below, the defendant claimed the right of removal after an adjournment had been procured by him, after joinder of issue; and it was held that under section 3216 of the Code

it was then too late. In Ives v. Quinn, 7 Misc. Rep. 660, 28 N. Y..
Supp. 267, the defendant, after having interposed a general denial,.
demanded a bill of particulars, which necessitated an adjournment to-
a future day, on which he attempted to remove the cause; and it was
held that he was too late, because the demand for a bill of particulars.
was equivalent to an application for adjournment. In Enright v..
Franklin Publishing Co., 24 Misc. Rep. 180, 52 N. Y. Supp. 704, it
was said:

> "The motion for removal made on the return day of the summons having
> been withdrawn, and an adjournment of the trial having been granted upon
> the request of defendant, the latter had then lost its right to a removal of
> the cause. Code Civ. Proc. § 3216; Dinkel v. Wehle, 11 Abb. N. C. 124."

But presumably the defendant in that ·case, upon the withdrawal
of its first application for removal on the return day of the summons,
had interposed an answer and then procured an adjournment of the
trial.

Moreover, in all these cases the motion to remove was denied. In
the present case issue had not been joined when the adjournment was
had. The adjournment was granted expressly to join issue and re-
move. Upon the adjourned day the motion to remove was made con-
temporaneously with the filing of the answer. The undertaking met
with the approval of the justice, and he was satisfied with the applica-
tion in all other respects, and he thereupon made the order removing
the case into the City Court.

Upon full consideration of all these matters I am of the opinion that
under the language, "after issue is joined and before an adjournment
has been granted upon his application," a defendant waives his right.
to removal only by obtaining an adjournment after issue joined. The
word "and" is a word of addition, and signifies that something is to·
follow in addition to that which precedes. "And" does not mean "or."
The wording of the statute evidently means that, after issue joined,.
when the opportunity for an early trial is at hand, the defendant must
not indicate an intention to go to trial, but must at once take the·
steps necessary to remove.

The Municipal Court had jurisdiction of the subject-matter of this
action and of the persons of the defendants, and the defendants, hav-
ing answered upon the merits and procured the removal of the action
into the City Court upon giving the undertaking required by law,
are estopped to say that the latter court has not jurisdiction of their
persons. Vogel v. Banks, 60 App. Div. 459, 70 N. Y. Supp. 1010;.
Matter of Bingham, 127 N. Y. 296, 27 N. E. 1055.

So the plaintiffs, by serving the reply, entitled in the City Court,
and a demand for a bill of particulars, likewise entitled in that court,
submitted to the jurisdiction of said court. Moreover, the delay on·
the part of the plaintiffs of eight months in making the motion to re-
mand, was laches and fatal to the motion.

The alleged irregularity in the recitals of the undertaking and the
approval thereof can work no different result. The order appealed
from should be reversed, with costs, and the motion to remand denied
with $10 costs.

Order reversed, with costs, and motion denied, with $10 costs. All.
concur.