claims upon this branch of the case were dismissed, not as improper subjects of consideration, but for the reason, already stated, that the interpretation of the contract necessitated their disallowance.

For the reasons stated, we think that the judgment appealed from should be reversed upon the law and the facts, and a new trial granted, with costs to the appellant to abide event.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event, upon questions of fact and law. All concur.

---

### NEW YORK LUMBER & STORAGE CO. v. NOONE et al.

(Supreme Court, Appellate Term.   February 28, 1905.)

1. MUNICIPAL COURTS—REMOVAL OF CAUSES—BOND—SUFFICIENCY.

Where a bond for the removal of an action against two defendants from the Municipal to the City Court omitted the letter "s" after the word "defendant" in one place in the body of the bond, but in all other places referred to the defendants in the plural number, and clearly showed that the surety guarantied the payment of any judgment that might be recovered against defendants, it was not objectionable on the ground that it provided for only one defendant.

2. DEMAND FOR BILL OF PARTICULARS—ADJOURNMENT.

A demand for a bill of particulars is not equivalent to a request for an adjournment, where no adjournment was had or asked, and defendants had especially noted on the minutes that they did not ask for any adjournment.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by the New York Lumber & Storage Company against Noone, McDonald, and Frank. From a judgment for plaintiff, defendants McDonald and Frank, appeal. Reversed and remitted for removal to the City Court.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Lynn W. Thompson, for appellants.

Alex Lamont, for respondent.

McCALL, J.   In this action the defendant Noone was not served and did not appear. Upon the return day of the summons the defendants McDonald and Frank filed an answer, verified by McDonald only, containing a general denial, and at the same time offered an undertaking under section 3 of the Municipal Court act (Laws 1902, p. 1490, c. 580), then in force, and asked for the removal of the case to the City Court. The court adjourned the case for the purpose of enabling the sureties upon the undertaking to justify. This undertaking was that of a surety company organized under the laws of the state of Connecticut. Upon the adjourned day, after the court had refused to approve the undertaking under objections made thereto by the plaintiff's attorney upon the ground that the surety company was not shown to be solvent at the time the bond was given, and also that, owing to the verification of the defendants' answer by McDonald alone, the other de-

fendant had not appeared, and that the undertaking was defective, the defendant Frank then filed a verified answer, and the following then appears to have taken place.

"Defendants' Attorney: Will your honor note that we appeared for the defendant Frank and for both defendants. Now that the defendant Frank appears in this action to-day, and on behalf of both defendants, we submit the undertaking now on file, and ask that this action be removed to the City Court of the city of New York. Plaintiff's Attorney: There is one trouble about that: The bond only provided for one defendant, and does not apply to two defendants, and is improper and insufficient in form. The Court: Motion denied. (Exception.)"

It therefore appears that upon the filing of the answer by the defendant Frank, and the renewed proffer of the bond on behalf of both of the defendants, the plaintiff's attorney relied upon the one objection that the undertaking provided for but one defendant, and was insufficient in form. The bond had been prepared prior to the filing of the answers of the defendants, and an examination of it shows that the objection made by the plaintiff's attorney is untenable. It does not undertake to indemnify the plaintiff against the failure of one defendant only, nor does it refer to any defendant by name. In one place in the body of the bond the letter "s" has been omitted at the end of the word "defendant," but in all the other places where it refers to the defendants the plural number is used, and the guaranty of the company to pay the plaintiff the amount of any judgment it may recover against the defendants is clearly manifested throughout the instrument. The prior position taken by the plaintiff's attorney, whatever may have been its merits—that only one defendant had appeared—was effectually disposed of by the filing of the answer by Frank; and, as the only objection then raised by the plaintiff was without merit, the court should have granted the motion for the removal of the case. The point now raised by the respondent, even if it could be raised for the first time on appeal—that the demand for a bill of particulars was equivalent to a request for an adjournment—is not well taken, for the reason that no adjournment was had, or asked for by the defendants, and they especially had it noted upon the minutes of the court that they did not ask for any adjournment. See Solis v. Balbas, 40 Misc. Rep. 658, 83 N. Y. Supp. 181.

Judgment reversed, with costs, and the case remitted to the Municipal Court for the entry of an order removing it to the City Court. All concur.