In the Matter of the Probate of the Will of JOHN E. MATHESON, Deceased.

ANGUS G. MATHESON et al., Appellants; SAMUEL J. MEYLER, Respondent.

Argued April 8, 1940; decided April 23, 1940.

*William A. Smith* and *Ernest V. Frerichs* for appellants. The testimony of an attorney who did not prepare the will of a testator, who did not attend at the execution thereof, and who was not a subscribing witness thereto is inadmissible where the testimony is with respect to confidential communications between the attorney, in his professional capacity, and the deceased testator. (*Matter of Coleman,* 111 N. Y. 220; *Loder* v. *Whelpley,* 111 N. Y. 239; *Matter of Cunnion,* 201 N. Y. 123; *Matter of McCulloch,* 263 N. Y. 408.)

*Robert R. Bauman, John R. Daly* and *Lloyd R. Christopher* for respondent. The testimony of the attorney was competent and the Surrogate gave it proper consideration. (*Baumann* v. *Steingester,* 213 N. Y. 328; *People* v. *Buchanan,* 145 N. Y. 1; *Matter of Cunnion,* 201 N. Y. 123; *Loder* v. *Whelpley,* 111 N. Y. 239; *Matter of Eno,* 196 App. Div. 131; *Matter of Coleman,* 111 N. Y. 220; *Matter of Casper,* 161 Misc. Rep. 199; *Matter of Tinker,* 157 Misc. Rep. 200; *People ex rel. Cohen* v. *Butler,* 125 App. Div. 384; *Matter of Putnam,* 257 N. Y. 140.)

*Per Curiam.* On the trial before the Surrogate of the issues relating to testamentary capacity and undue influence

46

in this proceeding to probate a will, the proponent produced as a witness an attorney who neither directly nor indirectly took part in the preparation or execution of the instrument offered for probate. Nevertheless, he was permitted, over objection, to give testimony on the part of the proponent as to a conversation relating to deceased's testamentary intentions which he had held privately with the deceased in a professional capacity three days previous to the time the instrument, offered for probate, was signed.

This was a privileged communication under section 353 of the Civil Practice Act, and the witness clearly was not one to whom the exception provided in section 354 of the Civil Practice Act applies. Error in receiving this proof was material. Even though the deceased had expressed the same testamentary intention in the presence of the same witness and others just previous to the private interview, the very fact that he repeated it in the more intimate private conference with his attorney had an important bearing on the sharply-contested issues, particularly that of undue influence. It is on this error that our reversal rests.

The order of the Appellate Division and the decree of the Surrogate's Court should be reversed and a new trial granted, with costs in all courts to the appellants to abide the event.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Ordered accordingly.