In the Matter of the Estate of JESSIE T. DUKE, Deceased.

Surrogate's Court, Queens County, November 13, 1951.

*R. Leslie Smith* and *John J. Donohue* for Louis A. Duke, as executor of Jessie T. Duke, deceased, petitioner.

*Irving Gromer* for Martha E. L'Hommedieu, respondent.

SAVARESE, S. This is a discovery proceeding instituted by the executor of Jessie T. Duke to recover the proceeds of a special interest account in a commercial bank in the names of testatrix and respondent. Petitioner alleges that testatrix permitted respondent's name on the account for convenience only, that respondent was merely an agent, and that there was never any intention to pass title to the latter. Respondent's answer contains a general denial and affirmative defenses asserting title by right of survivorship and by gift.

The bank's signature card pertaining to the account is rubber stamped with the legend " Payable to Either or the Survivor of Them " in red ink immediately above the signatures of the depositors. Testatrix signed in blue ink. The lines of the letters " D " and " k " in her surname are so written that they intersect the second letter " R " in the word " Survivor " and the letter " E " in the word " Them " respectively. It is apparent to the naked eye that the handwriting was placed on the card after the stamped legend. (See *Matter of Fenelon,* 262 N. Y. 308.) The oral testimony of witnesses called by both parties establishes that testatrix had ample opportunity to read both the printed matter and the stamped inscription prior to signing the card. A bank employee called by petitioner testified that she explained in general terms the nature of the account opened in the form chosen by the testatrix.

As the account was opened in the form prescribed by subdivision 3 of section 134 of the Banking Law, which is applicable to all accounts in commercial banks, there is a rebuttable presumption that a joint tenancy with right of survivorship was intended. (*Havens v. Havens,* 126 Misc. 155, affd. 215 App. Div. 756; *Matter of Hickmott,* 166 Misc. 536, affd. 256 App.

Div. 1047; *Matter of Jagodzinska,* 272 App. Div. 660; *Matter of Sturmer,* 277 App. Div. 503, 509, revd. on other grounds 303 N. Y. 98.) The burden of overcoming the statutory presumption by proof is upon the petitioner.

There is no dispute that all of the money deposited in the account previously belonged to the testatrix. It was opened on March 1, 1947, with a deposit of $1,941.82, representing the balance in another account in the same bank in the names of testatrix and Ellen M. Plate, her sister, who had died in February, 1947. The prior account had been opened on or before December 14, 1936; its signature card was stamped "Joint Account Payable to the Order of Either or the Survivor."

Between March 1, 1947, and testatrix's death on November 2, 1950, there were nine withdrawals from the account in controversy. Four of these were made by respondent. At death there was a balance of $1,785.08, which, with accrued interest, is the sum petitioner seeks to recover.

There was evidence that testatrix intended to create the same type of account with respondent as she previously had with her deceased sister. Petitioner sought to show that, although joint in form, the prior account too was merely for testatrix's convenience. The testimony of the son of Ellen M. Plate giving his mother's oral statements to him that her name was on the testatrix's bank account for convenience only was properly stricken as hearsay and as not binding on this respondent.

The present condition of the estate is such that unless the disputed account is held to be an asset there will be no residuary estate, the general legacies aggregating $1,250 will abate, and even the specific legacies may have to abate depending upon the amount of future administration expenses. Petitioner points to this fact together with testatrix's financial condition when she made her will on November 7, 1949, which was substantially the same as at her death, as indicating her intent to retain full ownership of the bank account. The attorney who drew her will testified that he asked her where the money was coming from to pay the general legacies, and that she indicated it would come out of this account. This testimony was objected to and stricken on the ground that it violated the attorney-client privilege codified in section 353 of the Civil Practice Act. Petitioner argues that it is exempt from the ban of that section by virtue of the following provision in section 354 of the Civil Practice Act: "But nothing contained in this section or in section three hundred and fifty-three shall be construed to disqualify an attorney, or his employees, in the probate of a

will * * * hereafter to be executed or offered for probate or in any proceeding whatsoever involving the validity or construction of such a will from becoming a witness, as to the preparation and execution of the will so offered for probate or required to be construed ''.

This is not a probate proceeding, nor one involving the validity or construction of the will. The only issue in this discovery proceeding is whether or not a bank account is an asset of the estate. The meaning of the will is free from doubt. The court holds that the exception to the attorney-client privilege contained in section 354 of the Civil Practice Act is not applicable in a discovery proceeding not involving the construction of the will. As the testimony falls squarely within the ban of section 353 of the Civil Practice Act it was properly stricken.

That testatrix tried to give away by her will more than she had the right to dispose of by that method does not of itself overcome the statutory presumption that she created a true joint tenancy in this bank account. She may well have underestimated the cost of her funeral and of administering her estate. If due allowance for such expenses had been made, the $1,472.33 in the account when she executed the will, even if added to the other assets she disclosed to her attorney and which she believed were realizable, would have been inadequate to carry out the scheme of her will.

Testatrix may have been motivated to open the account in joint form for her '' convenience,'' but the evidence is insufficient to establish that she created only an agency. That a joint account suited her convenience does not make it any less a joint tenancy. (See *Matter of Sheehan,* 108 N. Y. S. 2d 872.) She often expressed a desire that respondent use some of the money for her own benefit, and even told people that respondent would have the account when she died. It is significant that respondent had possession of the passbook. The evidence establishes, too, that testatrix was in good health until shortly before her death, and had no need to delegate to another the physical task of going to the bank for her. She often went herself. If she had desired to create merely an agency, a power of attorney would have sufficed to give respondent access to the account during testatrix's lifetime. To hold that she did not mean to create a joint tenancy when she consciously adopted the prescribed form for holding a commercial bank account in that manner, would render useless the inscrip-

tions deliberately made and adopted on the signature card, the ledger card, and the passbook. The court finds upon all the evidence that the testatrix fully comprehended the effect of creating the account in the form she chose, and that petitioner has failed to overcome the statutory presumption that a joint tenancy was intended. Petition dismissed. Submit order on notice.