In the Matter of the Probate of the Will of CHARLES E. STACER, Deceased. LINCOLN ROCHESTER TRUST COMPANY, Appellant; C. BURTON NEWMAN et al., Respondents.

Fourth Department, May 11, 1961.

*Nixon, Hargrave, Devans & Dey* (*W. Clyde O'Brien* and *David L. Hoffberg* of counsel), for appellant.

*Harris, Beach, Keating, Wilcox, Dale & Linowitz* (*Charles S. Wilcox* of counsel), for C. Burton Neuman, respondent.

*C. Burton Newman* for Blanche E. Shepperd and another, respondents.

HALPERN, J. Upon this appeal from a decree denying the probate of a proffered will and codicil, the principal questions raised are (1) whether proof of a prior will was admissible and (2) whether the attorney who prepared the prior will and presided at its execution was barred from testifying concerning it either by section 353 or by section 347 of the Civil Practice Act.

The petitioner-appellant offered for probate a will executed by the testator on December 11, 1950, together with a codicil executed May 21, 1959. The objectors-respondents interposed objections, asserting that the 1950 will had been revoked by a later will dated April 6, 1954, and that when the 1959 codicil was executed, the testator lacked testamentary capacity, furthermore that the execution of the codicil had been procured by undue influence. The objectors maintained that the codicil was therefore ineffective to revive or republish the revoked will of December 11, 1950.

A jury trial was had and the court submitted to the jury the questions of testamentary capacity and undue influence and the jury found in favor of the contestants on those issues. A decree was accordingly entered denying probate and, from that decree, this appeal has been taken.

In view of the narrow questions of law raised upon appeal, there is no need to review the evidence. It is sufficient to say that the evidence on behalf of the contestants was clear and convincing and was plainly sufficient to warrant the jury's verdict.

The first question may be readily disposed of. The prior will of April 6, 1954, was admissible in evidence as bearing upon the issue of undue influence with respect to the execution of the 1959 codicil. The testator was about 78 years of age when he executed the codicil. He was in the hospital at the time and he died two days later. The jury had the right to consider the differences between the provisions of the prior will and those of the codicil under "the rule that a radical change in testamentary intentions by an aged and sick person under circumstances conducive to undue influence are important elements to be considered" (*Matter of Brush,* 1 A D 2d 625, 628).

Under the terms of the 1954 will, the residuary estate had been devised and bequeathed to the testator's "friends, Blanche E. Shepperd and Violet S. Parrish, to be equally divided between them share and share alike". The codicil cut down their interest to a life use and devised and bequeathed the remainder in fee to the children of Dr. R. S. Simpson. The record indicates that Miss Shepperd and Mrs. Parrish were of advanced years. The change of the gift to them from a fee

to a life use and the gift of the remainder in fee to the children of Dr. Simpson marked a radical change in the testator's testamentary plan. Proof of this fact was plainly relevant in support of the contestants' charge that the execution of the codicil had been procured by the undue influence of Mrs. Simpson, the widow of Dr. Simpson.

As a matter of fact, the attorney who drew the 1959 codicil had been unaware of the existence of the 1954 will and he had drafted the codicil as a codicil to the will of December 11, 1950, and the testator had apparently not had sufficient competence at the time to recall the making of the intermediate will in 1954. The 1950 will also gave the residuary estate in fee simple to Miss Shepperd and Mrs. Parrish and it was that gift which the codicil purported to alter to a life use.

The attorney who had drafted the 1954 will and who was a subscribing witness thereto, was permitted, over the appellant's objection, to testify concerning its preparation and execution. He had also drawn the 1950 will but a different attorney had drawn the 1959 codicil. The petitioner-appellant maintained that the testimony was incompetent under section 353 of the Civil Practice Act, forbidding the disclosure of confidential communications between attorney and client, and that the waiver of the privilege under section 354 was not applicable here. The relevant provision of section 354 as it reads at the present time and as it read at the time of the trial is as follows: " But nothing contained in this section or in section three hundred and fifty-three or in section three hundred and fifty-three-a shall be construed to disqualify an attorney, or his employees, in the probate of a will heretofore executed or offered for probate or hereafter to be executed or offered for probate or in any proceeding whatsoever involving the validity or construction of such a will from becoming a witness, as to the preparation and execution of the will so offered for probate or required to be construed or of any prior will, or of any indenture, deed of trust or instrument affecting such construction, or as to the revocation of a will, whether such attorney is or is not one of the subscribing or attesting witnesses thereto."

It is the contention of the appellant that this provision does not authorize an attorney who had prepared a prior will to testify concerning it unless he was also the attorney who prepared the will offered for probate. We are willing to accept the appellant's contention that the attorney who was allowed to testify in this case should not be regarded as the attorney who had drawn the will offered for probate merely because he had drawn the original will which was sought to be republished by

the codicil. He had not drawn the codicil and it was the codicil which was being offered for probate, both as an independent instrument and as reviving the revoked 1950 will.

However, we do not believe that the statute should be interpreted as allowing only the attorney who had drawn the will offered for probate to testify concerning the preparation and execution of a prior will. We find no basis in the language or history of the statute for such a narrow construction.

Prior to 1934, the relevant portion of section 354 of the Civil Practice Act read as follows: " But nothing herein contained shall be construed to disqualify an attorney in the probate of a will heretofore executed or offered for probate or hereafter to be executed or offered for probate from becoming a witness, as to its preparation and execution in case such attorney is one of the subscribing witnesses thereto."

In a case dealing with the statute in that form, the Court of Appeals held that an attorney could testify only as to the execution and preparation of the will offered for probate. It was held that the bar of section 353 prohibited an attorney, who had prepared a prior will, from testifying as to what the client had said to him in connection with that will (*Matter of McCulloch*, 263 N. Y. 408 [1934]).

While the *McCulloch* case was in the courts, the Legislature amended section 354 by chapter 305 of the Laws of 1934 so as to authorize an attorney to testify as to the preparation and execution of the will offered for probate " whether such attorney is or is not one of the subscribing witnesses thereto ". This amendment did not have any bearing upon the holding in the *McCulloch* case since the attorney who had been held to be incompetent to testify in that case as to the execution of the prior will had been a subscribing witness thereto.

Shortly after the handing down of the *McCulloch* decision, the Legislature, on the recommendation of the Surrogates' Association, amended section 354 again, by chapter 200 of the Laws of 1935, so as to provide that an attorney should not be barred by section 353 from testifying in a probate proceeding as to the preparation and execution " of the will so offered for probate or of *any prior will* " (emphasis supplied).

As Surrogate FOLEY explained in a memorandum published in volume 7 of the New York State Bar Association Bulletin at page 128, the amendment was designed to overcome the effect of the *McCulloch* decision. In the *McCulloch* case, the attorney who had prepared the prior will and whose competence to testify was in controversy was not the attorney who had prepared the will offered for probate. The legislative purpose to override the

*McCulloch* case would be frustrated if the amendment were now to be construed as permitting testimony as to a prior will only by the attorney who had drawn the will offered for probate.

No good reason is suggested by the appellant for adopting such a narrow construction of the amendment. In a case in which the declarations of the testator in connection with the preparation of a prior will are relevant, it is now the legislative policy that the attorney who heard the declarations should be allowed to testify concerning them. There is nothing in the statute which suggests that the Legislature intended to limit the application of the policy to cases in which the same attorney happened to have prepared both the prior will and the will offered for probate.

The case of *Matter of Matheson* (283 N. Y. 44, 46) relied upon by the appellant, has no bearing upon the problem before us. In that case, the attorney whose testimony was held to have been erroneously admitted had " neither directly or indirectly [taken] part in the preparation or execution " of any will. Of course, section 354 does not permit an attorney to testify with respect to a private consultation with a client looking toward the drawing of a will when no will was actually prepared or executed as a result of the consultation.

The appellant has found in the Governor's Bill Jacket for chapter 200 of the Laws of 1935 a letter from the Chief Clerk of the Surrogate's Court of New York County urging the approval of the bill which later became chapter 200 and stating that, under the existing law, the privilege is waived only as to the will offered for probate and that " the same attorney who might have drawn other wills for the testator is barred as to testifying to their preparation and execution ". The appellant's counsel draws the inference from this statement that the sponsors of the legislation intended to limit its application to testimony by the " same attorney " who had drawn both the prior will and the will offered for probate. We think that this places a strained construction upon the comment by the writer of the letter. All that he said was that, under the existing law, testimony as to the prior will was barred *even though* the same attorney who had drawn the will offered for probate had drawn the prior will, thus illustrating the harshness and unreasonableness of the existing rule. But no inference may fairly be drawn from the comment that the sponsors of the legislation intended to limit the application of the new amendment to cases like the one cited by them as an extreme example of the operation of the existing rule. On the contrary, as has been pointed out, the sponsors stated that their purpose was to overcome the

effect of the *McCulloch* case and that purpose could not be accomplished unless any attorney who had drawn a prior will was permitted to testify concerning it, even though he was not the attorney who had drawn the will offered for probate.

The testimony of the attorney in the present case was, in any event, competent under another provision of section 354, added by a later amendment. Chapter 33 of the Laws of 1944 inserted in section 354 the words '' or as to the revocation of a will '', so that there was a waiver of the privilege with respect to testimony by an attorney as to the revocation of any will. The 1954 will, concerning which the attorney testified, by its terms expressly revoked the 1950 will so that in testifying concerning the preparation of the 1954 will, the attorney was testifying with respect to the revocation of a will, within the precise terms of the 1944 amendment.

The remaining objection to the testimony of the attorney was based upon the claim that the testimony was barred by section 347 of the Civil Practice Act, as that of a person interested in the event. This objection was properly overruled by the Surrogate. The fact that the attorney was named as the executor in the 1954 will did not make him a person interested in the event (*Matter of Wilson,* 103 N. Y. 374). '' [A] testamentary fiduciary has no such interest in the event, by reason of a prospective potential right to commissions, as to render him an incompetent witness under section 347 of the Civil Practice Act '' (*Matter of Behan,* 159 Misc. 337, 339; see, also, *Matter of Bitterman,* 203 Misc. 796, affd. 281 App. Div. 1024). Neither did the fact that the attorney had filed objections in the probate proceeding, and that he therefore could recover costs or could be held liable for costs, render him incompetent as a witness. Liability for costs or the possibility of recovering costs is no longer a ground for finding that a witness is a person interested in the event, in view of the amendment of section 347 by chapter 371 of the Laws of 1935, expressly so stating and overriding, as to this point, *Matter of McCulloch* (*supra*) and *Croker* v. *New York Trust Co.* (245 N. Y. 17).

The decree denying probate should be affirmed, with costs.

All concur. Present — BASTOW, J. P., GOLDMAN, HALPERN, McCLUSKY and HENRY, JJ.

Decree unanimously affirmed, with costs.