Christopher C. McGrath, S.
As an incident to an accounting by the administratrix, the court has been called upon to determine the meaning and effect of certain provisions of a separation agreement that the decedent and administratrix entered into on December 6, 1943.
Under paragraph “ 3 ” of said agreement, the decedent agreed to pay his wife, the administratrix herein, the sum of $145 per month during her lifetime for her support and maintenance, while she lived separate and apart from him or until she remarried. Under paragraph “ 5 ” of said agreement the decedent agreed to continue the payment of the premiums for hospitalization insurance in favor of the administratrix. The decedent and the administratrix were never divorced and the widow has not remarried.
After decedent died intestate on May 14, 1961, the decedent’s widow was appointed the administratrix of his estate. Thereafter, on the basis of her interpretation of the pertinent provisions of the separation agreement, she paid to herself from estate funds the sum of $145 per month for her support and maintenance and also paid her hospitalization insurance from the same source. In this accounting proceeding, the widow seeks approval of these payments from estate funds and has requested that the residuary estate herein be set aside to insure these payments to her for the remainder of her life.
Objections to the relief requested by the administratrix have been filed by the decedent’s two children of an earlier marriage. They base their objections on the ground that the separation agreement provides for the waiver of the agreed payments in the event of the decedent’s disability and that decedent’s death constitutes such total disability as to come within the waiver provision of said agreement. Furthermore, they claim that decedent’s obligation to support the administratrix terminated upon his death. In addition, the objectants allege that the agreement fails to provide that payments for the widow’s support and hospital insurance were to be made after the husband’s death.
It is a well-recognized principle that the legal obligation to provide for the support of his wife rests upon the husband and in the absence of an express agreement to the contrary, the *328 husband’s obligation terminates upon his death (Wilson v. Hinman, 182 N. Y. 408, 414). In the present situation there is no clear indication in the agreement as to whether the parties contemplated that the husband’s obligation for the agreed payments would continue after his death and thus be a charge against the estate. Since an agreement of this nature is contrary to the usual premise that a wife has no right to support after the husband’s death, the burden of persuasion on this issue rests upon the wife (Matter of Stableford, 174 Misc. 284; Matter of Baratta, 199 Misc. 246, affd. 279 App. Div. 992). If after a consideration of the entire record, the mind of the court is left in doubt, the wife must fail (Matter of Stableford, supra).
At the hearing before the court, the widow in an effort to sustain the burden of demonstrating that the agreement of separation required the decedent to support her for the rest of her life, offered in evidence a conformed copy of a verified answer that the decedent had interposed in an action .for an absolute divorce that the widow had instituted against him in New York County in 1955. At the request of the court, the attorney for the administratrix requisitioned the New York County Supreme Court file in the 1955 matrimonial action between the administratrix and the decedent and the contents thereof were received in evidence.
An examination of this file by the court disclosed that in February of 1955 Marion E. Lopes, the administratrix herein, instituted an action in New York County for an absolute divorce against her husband, Alvaro Lopes. By verified answer dated March 14, 1955 the defendant among other things pleaded that pursuant to a written separation agreement, signed by both plaintiff and defendant, the defendant was bound to continue to pay to the plaintiff for her support the sum of $145 per month, plus other benefits, during plaintiff’s entire Ufe. (Emphasis added.) In April, 1955 an application in the then pending action was made by the plaintiff, the present administratrix, for an order requiring the defendant to pay to her the sum of $500 per month for her support and maintenance, pendente lite, and also the sum of $5,000 for her counsel fees. In connection with this application the plaintiff and defendant filed various affidavits. By affidavit dated March 23, 1955 the plaintiff in paragraph “10” said as follows: “that as to the financial condition of my husband and myself, he refers in his answer to the fact that in December, 1943 I entered into a separation agreement with him under which I am receiving the insufficient sum of $145.00 a month, for my lifetime, *329 providing I don’t outlive the defendant. If the defendant dies before me, the payments cease.” (Emphasis added.)
By affidavit dated April 6, 1955 the defendant, Alvaro Lopes, in answer to the statement contained in his wife’s affidavit said as follows: ‘ ‘ Under that written separation agreement, the plaintiff and I mutually agreed to continue to live separate and apart and not to interefere or molest each other and I agreed to pay to plaintiff for her support during her life (so in original) the sum of $145.00 a month which was the amount suggested and demanded by her and her attorney. I had previously been paying the plaintiff $138.00 a month. I also agreed to continue in force a hospitalization policy in her favor and also a policy of insurance for $2,000.00 upon my life for her benefit. In consideration for such payment to plaintiff for her entire life (So in original) plaintiff agreed in that separation agreement to make no other, different or further demand or charge against me or my income or property;”.
In another portion of the same affidavit, the decedent herein used the following language: “The plaintiff’s statement in paragraph ‘ 10 ’ that the separation agreement provides for the monthly payment to her for her lifetime is true. It is not true, however, that the payments will cease when I die. There is no such provision in the separation agreement.”
At another point in the same affidavit the decedent says: ‘ ‘ I assure the court that I will continue to pay to the plaintiff the agreed monthly installment provided for in said separation agreement signed by the plaintiff and myself in December, 1943 and that I will comply with all the requirements of that separation agreement in every respect during the lifetime of the plaintiff.” (Emphasis added.)
The Supreme Court denied plaintiff’s application for alimony and counsel fees.
It has been long settled that a declaration against interest is one of the exceptions to the general rule excluding hearsay evidence. Before a statement can be admitted as a declaration against interest it must be proved to be a declaration: (1) Against the pecuniary interest of the declarant; (2) Declarant must now be dead; (3) That the declarant had personal knowledge of the facts declared; (4) Declarant must have no probable motive to falsify (Fisch, New York Evidence, § 892).
This court believes that the statements made by the decedent in the afore-mentioned affidavits when he was a defendant in the matrimonial action in 1955 meet all the tests of admissibility as declarations against his interests. The court holds that the statements made by the decedent in the matrimonial action *330 tend to show or acknowledge that it was his understanding and that it was within his contemplation that he was required to support his wife during her entire lifetime. These declarations establish the existence of the obligation which the wife seeks to charge against the estate and are competent proof against his estate and those who take therefrom (Wallace v. Wallace, 158 App. Div. 273, affd. 216 N. Y. 28; Hurlburt v. Hurlburt, 128 N. Y. 420; Kittredge v. Grannis, 244 N. Y. 168, 175; McDonald v. Wesendonck, 30 Misc. 601, 605).
In view of the foregoing, the court determines that it was the intention of the decedent that pursuant to the terms of the separation agreement his liability for the support of his wife and the obligation to pay the premiums for the hospital insurance in favor of his widow were to continue after his death. Accordingly, the relief requested in the petition will be granted as prayed for.