354 F.2d 231
 Robert J. WOJCINSKI, Plaintiff-Appellee,
v.
The ONEIDA NATIONAL BANK AND TRUST COMPANY OF CENTRAL NEW
YORK, Defendant, Arthur J. Foley, as Executor of
the Estate of Alexander Fijalkowski,
Deceased, Defendant-Appellant.
 No. 176, Docket 29756.
 United States Court of Appeals Second Circuit.
 Argued Nov. 18, 1965.
Decided Dec. 10, 1965.
 
 Robert J. Lord, Detroit, Mich., for plaintiff-appellee.
 Gardner A. Callanen, Jr., Utica, N.Y. (Foley, Callanen & Foley, Utica, N.Y., on the brief), for defendant-appellant.
 Before MEDINA, WATERMAN and SMITH, Circuit Judges.
 PER CURIAM:
 
 
 1
 On the death of Alexander Fijalkowski on April 8, 1958, a dispute arose respecting the ownership of certain bank accounts and other property. The amounts on deposit in two bank accounts in the joint names of plaintiff and decedent were paid over to plaintiff as survivor. With respect to a third account in the joint names of plaintiff and decedent, the Oneida National Bank and Trust Company of Central New York paid the money into court after this action was commenced by plaintiff to recover the sum on deposit and Arthur J. Foley, as executor of the decedent, was vouched in as a party by way of interpleader. The executor claimed to be entitled to the amount on deposit and also asserted, by way of counterclaim against plaintiff, a right to the proceeds of the two other bank accounts that had been paid to plaintiff as survivor. The issues arose out of claims by the executor that, by reason of undue influence, or fraud, there never was any intention by the decedent to open joint accounts or to have the moneys on deposit go to plaintiff in case plaintiff survived the decedent.
 
 
 2
 After a four day trial during which Judge Port applied the rules of evidence with considerable liberality, he found nothing of probative value to support the charges of undue influence and fraud. Accordingly, as the executor had failed to overcome the statutory presumption contained in the New York Banking Law, Consol.Laws, c. 2, Section 134(3), see In re Jagodzinska's Estate, 1947, 272 App.Div. 660, 74 N.Y.S.2d 628 (4th Dept.); In re Power's Will, 1953, 124 N.Y.S.2d 277 (Ontario County Surrogate's Court); In re Duke's Will, 1951, 202 Misc. 446, 108 N.Y.S.2d 875 (Queens County Surrogate's Court), Judge Port directed the jury to return a verdict for plaintiff in the amount deposited in the Registry of the Court and dismissed the counterclaim for failure of proof. From these rulings the executor appeals.
 
 
 3
 We have examined the entire record with care and find no error.
 
 
 4
 Affirmed.