John D. Bennett, S.
In this accounting proceeding the fiduciaries have noticed the decedent’s widow, an objectant to the fiduciary’s account, to take her testimony and have also asked her to produce the original copy of her will dated January 9, 1946 and two codicils thereto. The .said objectant moves for a protective order concerning the production of her said will and codicils.
Under the terms of the decedent’s will he gives certain personal property to his wife, and under article “ Third ” he gives her a marital trust of one third of his net estate less the value of other property bequeathed to her under the terms of his will. The widow contends that the personal property that the fiduciary claims the widow received under article “ Second ” of the decedent’s will either belonged to her or was given to her by the decedent during his lifetime, and, therefore, should not be deducted from the trust created under article “ Third ” for the benefit of said widow.
It is alleged that the widow, under the terms of her will of January 19,1946, stated that certain personal property belonged to her husband and was not owned by her. The court will not at this time deal with whether the personal property mentioned under the terms of the widow’s will of January 19, 1946 and the two codicils thereto is the same property mentioned under article “Second” of the decedent’s will. The sole issue is whether the instruments are discoverable pursuant to article 31 of the CPLR and whether the documents are privileged matter protected by CPLR 4502, 4503.
As to the widow’s contention that the instruments deal with privileged matter between her and her attorney, the court finds that the subject matter by its very nature was not confidential and was to be disclosed to the decedent in that the decedent and his wife both submitted information to the attorney to prepare wills for each of them; that the husband supplied some of the information to the attorney on behalf of his wife and there are some mutual provisions under the widow’s will and the will simultaneously executed by the decedent. While they are not mutual wills, they nonetheless were prepared simultaneously by the same attorney, and executed in the presence of the same witnesses and are of such a nature as to foreclose any claim that the information was privileged.
The court is very conscious of the fact that the contents of a person’s will should not be readily discoverable by third parties and should be confidential. However, the controversy herein is not between the decedent’s widow and a third person, but between the widow and her husband’s estate.
*555 Since this attorney-client relationship would not be a bar regarding legal transactions between the decedent and his spouse, it should not be a bar to his representatives. Accordingly, the court finds that there is no bar to discovering the instruments pursuant to CPLR 4503 solely as to the issues in the within proceedings (Hurlburt v. Hurlburt, 128 N. Y. 420; Wallace v. Wallace, 216 N. Y. 28; La Barge v. La Barge, 284 App. Div. 996; Matter of Lopes, 41 Misc 2d 326; 4 Bender’s New York Evidence, § 245.01 [3]; Fisch, New York Evidence, § 524; Richardson, Evidence [9th ed.], § 429; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4503.07).
As for the alleged privilege arising by reason of the marital relationship, the court finds that the subject matter was not of a confidential nature, but the information was intended to be imparted at least between the spouses and, in addition thereto, the information was divulged to a third party, to wit, the attorney-draftsman. Therefore, the court finds that the marital privilege does not exist (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 4502.15, 4502.17; Richardson, Evidence [9th ed.], §§ 460, 462; Fisch, New York Evidence, § 597; 4 Bender’s New York Evidence, § 245.03 [2]).
Accordingly, the motion for a protective order is denied.