■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD E. TURLEY, Appellant.— Appeal by the defendant from a judgment of conviction of burglary, third degree, following a plea of guilty on the sole ground that the sentence is excessive. Defendant, 20 years old at the time of sentencing, argues that while he received a reformatory sentence for a term not exceeding four years, his codefendant, convicted of the same crime, was given a five-year probation term after having served approximately three months at the county jail awaiting disposition.and sentence. Burglary in the third degree is a class D felony punishable by an indeterminate term, the maximum to be at least three years but not to exceed seven. A reformatory sentence for young adults terminates when he is discharged on parole or serves his four years, less time credited. Such reformatory type sentence is discretionary with the court and is imposed for the purpose of rehabilitation rather than punishment. The trial court obviously felt the reformatory sentence was necessary in defendant's case. It was within its discretion to vary the sentences of defendant and his code-fendant depending on the differing circumstances involved in each case. (See *People* v. *Wilson,* 17 N Y 2d 40.) In any event, the codefendant being over 21 years of age was not eligible for a reformatory sentence and thus the court could not, under the circumstances, mete out an identical sentence. There is no reason to disturb the sentence. Judgment affirmed. Herlihy, P. J., Green-blott, Cooke, Sweeney and Simons, JJ., concur.

■ In the Matter of the Probate of the Will of FLORENCE M. DELANO, Deceased. FREDERICK G. BASCOM et al., Respondents; LE ROY DELANO et al., Appellants.— Appeal from a decree of Surrogate's Court, entered in Essex County, which admitted to probate the last will and testament and four codicils of Florence Delano, deceased. Appellants object to the probate of the will. They claim reversible error was committed by the trial court when it foreclosed testimony by an attorney, not the attorney who prepared the will and the codicils, of a telephone conversation he had with decedent on February 3, 1968 some three years after the execution of the last codicil. Decedent had called the witness seeking legal advice about her will. Appellants claim the con-versation was admissible under CPLR 4503 (subd. [b]). We find no error in the court's ruling. (CPLR 4503, subd. [a]; *Matter of Matheson,* 283 N. Y. 44.) Decree affirmed, without costs. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.