■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMEN SCHILLING, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered May 23, 1975, convicting defendant, upon his

plea of guilty, of the crime of robbery in the second degree. Defendant, aged 21, was indicted for the crime of robbery in the second degree and conspiracy in the second degree. A codefendant was also indicted on the same charges. A third person who was an employee of the victim and working at the time of the alleged robbery, was permitted to plead to one conspiracy count. He received a completely different sentence than defendant. The codefendant was adjudicated a youthful offender and given either a term of probation or a one-year term in the county jail. Defendant pleaded guilty to robbery in the second degree in satisfaction of the indictment and was sentenced to an indeterminate term of imprisonment of not more than five years. The sole question raised on this appeal is whether the sentence was too harsh and excessive. While the record reveals no previous felony conviction, it demonstrates a long list of defendant's previous encounters with the law. Pursuant to subdivision 3 of section 60.05 of the Penal Law, a term of imprisonment was mandatory and defendant could have received up to 15 years. It was within the discretion of the trial court to vary the sentences of defendant and the others involved *(People v Turley,* 38 AD2d 769) and we should not reduce defendant's sentence unless there was a clear abuse of discretion. *(People v Dittmar,* 41 AD2d 788.) We find no such abuse and the sentence should not be disturbed. Judgment affirmed. Koreman, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.