■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR H. LEACH, SR., Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered April 30, 1976, convicting defendant upon his plea of guilty of the crime of assault in the first degree. On the day following an alleged assault upon his infant son, defendant was taken into custody at approximately 4:15 P.M. Upon his arrival at police headquarters defendant was given his *Miranda* warnings. He indicated that he understood them and signed a waiver of his rights approximately one-half hour after being taken into custody. During the next two and one-half hours he gave an oral statement resulting in a typewritten statement in which he admitted striking his son causing serious injuries. A short time thereafter defendant was again given his *Miranda* warnings, signed a waiver of his rights, and proceeded to tell of several previous times when he had struck his son. These admissions were reduced to writing and signed by defendant. A *Huntley* hearing was held during which defendant offered no proof. The court determined that both statements were voluntarily made and denied a motion to suppress. On this appeal defendant contends that the People failed to establish the voluntariness of the two statements beyond a reasona-

ble doubt. Defendant argues that at the time he gave the statements he was distraught over his son's condition thereby making his statements involuntary. He also urges that the division of his statements into two segments has "impugned their voluntariness". We disagree. Defendant does not deny that he was given his *Miranda* warnings, nor does he claim the use of any coercive tactics by the police. Under all the circumstances we are of the view that the record establishes beyond a reasonable doubt that the statements were voluntarily made (see *People v Chaffee,* 42 AD2d 172). Defendant also urges that the imposition of an indeterminate sentence of not more than 10 years was harsh and excessive. This court will not reduce a defendant's sentence unless there was a clear abuse of discretion *(People v Schilling,* 52 AD2d 681; *People v Dittmar,* 41 AD2d 788). We find no such abuse and, therefore, the sentence should not be disturbed. Judgment affirmed. Sweeney, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.