OPINION OF THE COURT
Bertrand R. Gelfand, S.
This is a motion for reargument of the court’s prior determination, after a kinship hearing in this accounting proceeding, holding that the entire distributable estate should be deposited with the Director of Finance of the City of New York (see Matter of Trotta, NYLJ, Feb. 16, 1979, p 14, col 1). In the alternative, movant seeks leave to adduce additional testimony.
The request for the alternative relief of reopening the hearing, appears to present a case of first impression under the attorney-client privilege. Movant contends that it is permissible for an attorney to testify about pedigree statements made by decedent to him when she consulted him in 1964 for the purpose of preparing a will. It is conceded that this consultation did not result in any testamentary instrument being executed. An objection to the aforesaid offered testimony was sustained at the trial. Movant’s position is that since the attorney is a disinterested witness, who is willing to testify about matters which will not reveal information of a confidential nature, the attorney-client privilege should not be utilized to seal his lips.
The attorney-client privilege is the oldest of the privileges currently recognized (Fisch, NY Evidence, § 516). Notwithstanding that the privilege is steeped in tradition, there are respected commentators who believe the privilege should be abolished or confined to the narrowest limits (5 Weinstein-Korn-Miller, NY Civ Prac, par 4503.01, n 1-3). The rationale supporting this position is that the paramount concern of the judicial system should be to obtain all relevant data to arrive at the truth and the search for the truth is of greater *280 importance than the right of a person in a civil proceeding to confer with counsel with complete freedom that such conversations could never, without his consent, be used against him. The wisdom of this philosophical balancing of competing societal values is a subject which must be grappled with by the Legislature. The court is confined to applying the existing law.
Under CPLR 4503 (subd [a]), it is clear that whenever the requisite professional relationship exists, the privilege extends to all communications relating to matters which are the proper subject of the professional employment (5 Weinstein-Korn-Miller, NY Civ Prac, par 4503.04). Therefore, whether a statement is confidential, rather than dependent upon its relating to a subject which the client would usually deem confidential, is determined solely by whether it was made within the scope of the attorney-client relationship and not made in the presence of a stranger, or to the attorney with instructions that it be transmitted to another (see Matter of Creekmore, 1 NY2d 284; Matter of Matheson, 283 NY 44). If the law were otherwise, the privilege would indeed be fragile. A client to be assured that an attorney or a court might not subsequently deem a communication not to be confidential, would have to repeatedly preface his statements to counsel with a warning, "this is confidential”.
In Matter of Creekmore (supra, p 296), involving a contest between decedent’s two daughters over the proceeds of two savings accounts, the court stated that the attorney who represented decedent could testify that he delivered signature cards to the bank pursuant to decedent’s verbal instructions but he could not answer any questions about his prior legal advice to her, "whatever it was”, concerning the effect of these documents. In Matter of Matheson (supra), a will contest case, it was held that even though decedent expressed a certain testamentary intention to her attorney (who neither prepared the will nor supervised its execution) in the presence of other witnesses, the trial court erred in permitting the attorney to testify that decedent had privately made the same statements to him three days prior to the time the propounded instrument was executed.
In the case at bar, the offered testimony of the attorney clearly relates to conversations made to him in his professional capacity. It is not contended that decedent made these statements in the presence of any third party or that she *281 directed the attorney to communicate this information to any third party. The willingness of the attorney to testify about these communications is immaterial. The privilege is vested in the client and may not be waived by the attorney after the client’s death (Matter of Cunnion, 201 NY 123; Matter of Williams, 179 Misc 805, 808; Matter of Olson, 73 NYS2d 876; 4 Bender’s, NY Evidence, § 245.01, subd 10). Whether the privilege may be waived by a deceased client’s fiduciary is a question not here at issue (see concurring opn in Matter of Fishman, 32 AD2d 1063, affd 27 NY2d 809).
Movant can obtain no solace from the exception to the privilege set forth in CPLR 4503 (subd [b]). This subdivision provides that "[i]n any action involving the probate, validity or construction of a will,” an attorney shall be required to testify about "the preparation, execution or revocation of any will or other relevant instrument,” provided such testimony does not "tend to disgrace the memory of the decedent.” This exception to the privilege has been held to be inapplicable to discovery proceedings (Matter of Fishman, supra; Matter of Duke, 202 Misc 446) and to a proceeding to determine the validity of a claim against decedent’s estate (Matter of Swantee, 90 Misc 2d 519). Similarly, since the instant case involves a kinship hearing in an accounting proceeding, rather than a proceeding "involving the probate, validity or construction of a will,” there is no applicable statutory exception to the privilege. Moreover, since the attorney who is willing to testify herein neither prepared any testamentary instrument, nor supervised the execution or revocation of any such instrument, he could not testify, even if this were a will contest or construction proceeding (Matter of Matheson, supra; Matter of Delano, 38 AD2d 769).
Movant might be correct that originally a client would not be reluctant to have his attorney divulge pedigree statements (cf. Matter of Olson, supra, statements about legitimacy) and that the purpose of the privilege would not be emasculated if the attorney were permitted to testify about such statements, provided that these statements did not tend to disgrace the client’s memory. However, in this stage of the history of the privilege, this argument must be addressed to the Legislature and not to the courts. The Legislature having enacted a narrow exception to the privilege and the facts of this case not falling within the ambit of this exception, the court may not by judicial fiat enact its own amendment to the statute. *282 Lastly, it is noted that this court’s discussion in Matter of Berlin (91 Misc 2d 666) about the relationship between the pedigree exception to the hearsay rule and CPLR 4519 has no bearing upon the issues herein. In any event, even if the attorney were permitted to testify about the decedent’s statements in 1964, there would still be a gap in the record concerning decedent’s marital status from that time until her death in 1969.
Accordingly, upon reconsideration, the court adheres to its original determination. If movant desires, the decree to be settled herein may provide that the Public Administrator shall retain the funds for a period of 60 days to afford to movant the opportunity to institute an SCPA 2225 proceeding and should such a proceeding be instituted within that time period, the Public Administrator may retain the funds until the conclusion of such proceeding, provided that movant is ready to proceed to trial within four months of the proceeding being instituted.
Settle decree and proceed accordingly.