OPINION OF THE COURT
C. Raymond Radigan, J.
This is a motion in a contested last will proceeding for a ruling that an attorney is not barred by the attorney-client privilege (CPLR 4503) from testifying at an examination before trial, and for a further order precluding the respondent for failure to file an adequate bill of particulars.
*563 This is a proceeding to probate a lost will dated January 25, 1977, a copy of which was found in the attorney draftsman’s office together with an original codicil to the January 25, 1977 will dated November 9, 1978.
On August 13, 1980, the decedent consulted another attorney, Morris Shestack, in connection with the preparation of a new will which because of her death shortly thereafter on August 16, 1980, was never prepared or executed. Shestack has been briefly examined, the examination was interrupted in order to obtain rulings from the court in regard to the attorney-client privilege.
While an attorney will generally not be compelled to testify as to matters revealed to him by his client within the course of his professional employment (CPLR 4503, subd [a]), there are, however, several exceptions, one of which permits an attorney “to disclose information as to the preparation, execution or revocation of any will or other relevant instrument” (CPLR 4503, subd [b]) in an action involving the probate, validity, or construction of a will. The proponent argues that this exception clearly applies in the instant proceeding. However, several cases contain dicta that the exception does not permit an attorney to testify with respect to a consultation with a client looking toward the drawing of a will when no will was actually prepared or executed (see Matter of Stacer, 13 AD2d 164, affd 11 NY2d 780; Matter of Trotta, 99 Misc 2d 278). As authority for this proposition, the above cases cite Matter of Matheson (283 NY 44) and Matter of Delano (38 AD2d 769). At the time the Matheson case was decided the exception did not, as at present, permit the attorney to disclose information as to the preparation of “any will”; rather disclosure was only permitted as to the preparation of the “will so offered for probate or required to be construed or of any prior will” (Civ Prac Act, § 354). The Matheson case (supra, p 46) specifically prohibited the attorney “who neither directly nor indirectly took part in the preparation or execution of the instrument offered for probate” from testifying (emphasis supplied). It is at least arguable that the result in the Matheson case should be confined to its interpretation of the former and not the present statute. Moreover in the Delano case the conversa *564 tion the attorney had with the decedent apparently sought legal advice about her existing will and it does not appear that there was any discussion of the preparation of a new will.
It has been argued that the modern trend towards freer admissibility of évidence should correspondingly limit the attorney-client privilege and that the direction should be towards a narrow construction and the development of further conditions and exceptions (Fisch, New York Evidence [2d ed], § 531). Apparently reinforcing this trend, section 503 (subd [d], par [6]) of the Proposed Code of Evidence For The State of New York suggests that the exception should read as follows: “As to a communication relevant to an issue concerning the validity of, ór intention with respect to, a deed of conveyance, will, or other writing executed by a deceased client purporting to affect an interest in property.” As can be noted, there is no suggestion that the attorney as a precondition to disclosure must have involved himself in the preparation and execution of any will or other document.
Concededly the above discussion can be considered largely dicta since it is clear here that while the attorney did not prepare or supervise the execution of a new will, he at least had discussions relating to a revocation of the former will and presumably codicil. The statute specifically authorizes an attorney to disclose information as to “the * * * revocation of any will” (CPLR 4503, subd [b]).
Admittedly the major significance of Mr. Shestack’s testimony to the petitioner are conversations with regard to the existence of her will at the time of their consultation. Apparently the decedent was told by Mr. Shestack to bring her old will (and codicil?) to his office when she returned to execute the new will in order to physically destroy it. While such testimony may not be barred because of privilege, it does not appear to be admissible at the trial under New York’s traditional view of competency of evidence on revocation (Matter of Rokofsky, 111 NYS2d 553). Nevertheless there should be no objection to its being disclosed at a pretrial examination. Accordingly the examination of Mr. Shestack is directed to be continued on a mutually agreeable date, or failing agreement, on 10 days’ written *565 notice at which time he may disclose any and all information relating to the revocation of the decedent’s will and codicil, and any other conversations surrounding such communications.
The motion to preclude is based on an allegedly defective bill of particulars, which was supplied by respondent to petitioner in accordance with section 1830.19 of the Second Department Surrogate’s Court Rules (22 NYCRR 1830.19). The alleged defects in question are respondent’s answers to the matters raised in paragraphs 3,4, 5 and 6 of petitioner’s demand for a bill of particulars. Paragraphs 3 and 4 of petitioner’s demand ask whether it is claimed that the instruments offered for probate, or either of them, have been revoked, and if so state with particulars when and the method by which the alleged revocation or revocations was or were accomplished. Respondent’s answer to this is contained in paragraph 3 of his bill of particulars which states “The instrument purported to be the copy of the Last Will and Testament offered for probate is not signed by the deceased or attested to by the witnesses, nor is it the original of said Last Will and Testament which original was in the custody of the deceased. The presumption is that it is revoked.” Petitioner claims that this answer is not responsive because it does not specifically state the time and means of any alleged revocation as required by section 1830.19 (a) (3) (ii) of the Second Department Surrogate’s Court Rules (22 NYCRR 1830.19 [a] [3] [ii]). Section 1830.19 (a) (3) (ii) states that if a contestant alleges that a will is not the last will, the proponent shall be entitled to a bill of particulars which shall state whether it is claimed that the instrument offered for probate was revoked and if so, state when and the method by which the revocation was accomplished. Respondent’s reliance on the presumption of revocation implies when and how the revocation was accomplished and therefore it is a sufficient answer. Furthermore, because respondent does not have the burden of proof on the issue of revocation, he should not be required to defend his use of the presumption of revocation. The court should not require particulars from a respondent as to matters which he need not prove upon the trial (Matter of Reynolds, 38 AD2d 788).
*566 Paragraphs 5 and 6 of petitioner’s demand for a bill of particulars asks whether the objection that the will offered for probate is not the last will merely claims that the original will or codicil was not executed in accordance with statutory requirements. Respondent in his bill of particulars answers this by stating in paragraph 5 “It is a matter for the Surrogate to decide.” Petitioner objects to this answer on the grounds that section 1830.19 (a) (3) (iii) of the Second Department Surrogate’s Court Rules (22 NYCRR 1830.19 [a] [3] [iii]) entitled him to a yes or no answer. Respondent contends that because section 1830.19 (a) (3) (iii) refers to “the instrument offered for probate” petitioner’s inquiry regarding the original of the instrument is not within the scope of section 1830.19 (a) (3) (iii) because the original is not being offered for probate.
However, a copy of a lost will is only used to prove contents and cannot be probated. “[T]he instrument offered for probate” actually refers to the lost original will which proponent is attempting to probate. Therefore respondent’s answer is insufficient and respondent is ordered to supply a new answer as to whether it is merely claimed that the instruments offered for probate, the missing original will and the original codicil, were not executed in accordance with statutory requirements. Motion granted to the extent of requiring a further bill as indicated above and otherwise denied.