OPINION OF THE COURT
Renee R. Roth, S.
The issue presented by the latest motion in this contested probate proceeding is whether one of the objectants can obtain discovery and inspection of the will of decedent’s widow, á principal beneficiary of his estate.
Prior to his death, testator J. S. Johnson had executed three wills within days of one another. The first will dated March 10, 1983 disposed of his entire residuary estate in trust for the income benefit of his third wife Barbara P. Johnson with re-' mainder on her death to the Harbor Branch Foundation, Inc. (Harbor), a charity founded by the testator. The second will dated March 22, 1983 made the same disposition of his residuary. Mr. Johnson’s third will dated April 14, 1983 also disposed of his entire residuary estate in trust for Mrs. Johnson but gave her a limited power of appointment to dispose of the remainder interest either to his descendants or to charity. If Mrs. Johnson fails to exercise such power, the remainder interest is disposed of to Harbor.
*1049 Mrs. Johnson and attorney Nina S. Zagat offered the April 14, 1983 instrument for probate and were granted preliminary letters testamentary. Objections to probate were filed by decedent’s six children of a prior marriage and by Harbor.
The present motion was made by Harbor because of a letter dated April 14, 1983 (the same date as the propounded instrument), handwritten by Mrs. Johnson to her husband.
The letter states in relevant part as follows:
“In * * * of the Will you signed today you have given me a limited testamentary power of appointment among your descendants and charitable organizations. To the extent that I do not exercise this power of appointment, the property subject to it at the time of my death will automatically go to Harbor Branch Foundation Inc.
“I hereby agree not to exercise said limited testamentary power of appointment in my will so that the property subject to it will go to Harbor Branch Foundation Inc. at the time of my death”.
The letter is signed by Mrs. Johnson, acknowledged by decedent and witnessed by Nina S. Zagat and Jack D. Gunther, Jr.
Harbor served the preliminary executrices with a demand for production of:
“All documents referring and relating to the document dated April 14, 1983.
“All documents referring or relating to the exercise or non-exercise of a testamentary power of appointment granted Barbara P. Johnson by the decedent, J. S. Johnson”.
The last request, of course, includes any will that Mrs. Johnson may have executed either exercising or failing to exercise her limited testamentary power of appointment.
The proponents have in turn moved for a protective order striking the demand on the ground that the fact of the existence of a will or, if it exists, its contents, are protected from disclosure by the attorney-client privilege (CPLR 4503 [a]).
In its papers, Harbor explains the relevance of the request for Mrs. Johnson’s will on the basis of its need to explore the issue of whether the April 14 letter was executed by Mrs. Johnson in order to unduly influence the testator to change the status of Harbor from that of a vested remainderman to that of a contingent remainderman.
For that purpose, the demand for production of the will is relevant under the standards of material and necessary contained in CPLR article 31. It is noted, however, that on the issue *1050 of relevancy, neither party has mentioned the probable effect of EPTL 10-5.3 on the June 14 letter. Nor has either party considered the fact that a will remains ambulatory and that, irrespective of the contents of any will Mrs. Johnson produces for inspection, she is free to change its provisions immediately after producing it.
As to privileged communications between attorney and client under CPLR 4503 (a), once the professional relationship is established, there are few communications that are more confidential than those relating to the preparation, contents and execution of a will when made within the scope of the attorney-client relationship, not in the presence of a stranger and not made to the attorney with the intention that he communicate its contents to someone else (cf. Matter of Newton, 62 Misc 2d 553).
Professor Wigmore states the privilege surrounding the compelled production of a will of a living person in the following terms: “But for wills a special consideration comes into play. Here it can hardly be doubted that the execution and especially the contents are impliedly desired by the client to be kept secret during his lifetime, and are accordingly a part of his confidential communication. It must be assumed that during that period the attorney ought not to be called upon to disclose even the fact of a will’s execution, much less its tenor”. (8 Wigmore, Evidence § 2314 [McNaughton rev].)
Moreover, the demand for the production of a will during the lifetime of a testator does not fall within the exception set forth in CPLR 4503 (b). As the cases point out, this subdivision has undergone so many amendments since its inception that its construction appears to be dependent upon the time of the event or the time of the decision (see, e.g., Matter of Coleman, 111 NY 220; Matter of McCulloch, 263 NY 408; Matter of Stacer, 13 AD2d 164, 167-169, affd 11 NY2d 780; Matter of Be Gar, 110 Misc 2d 562, 563; Matter of Rabinowitz, NYLJ, Jan. 21, 1982, p 11, col 3; see also, Di Falco, Pitfalls in Confidential Relationships and Observations on Privileged Communications [part two], NYLJ, May 25, 1967, p 4, col 1).
However, this subdivision in all of its forms, from Code Civil Procedure § 835 to Civil Practice Act § 354 and finally CPLR 4503 (b), has never in any type of proceeding been held by its own terms or construed by decision to require the client or attorney to disclose information as to the preparation, execution, contents or revocation of the will of a living person.
The motion by the preliminary executrices for a protective order is accordingly granted.
*1051 This decision does not limit any other disclosure which may be required by the referee previously appointed by the court to supervise such disclosure (CPLR 3104), except as any party may elect to move before the court for a protective order (CPLR 3104 [c]).